233 Ga. 683 (1975)
212 S.E.2d 849
J. W. A.
v.
STATE OF GEORGIA.
29466.
Supreme Court of Georgia.
Argued January 13, 1975.
Decided February 12, 1975.
Greer, Sartain & Carey, R. Thomas Jarrard, for appellant.
*688 Jeff C. Wayne, District Attorney, Kenneth R. Keene, for appellee.
Joseph M. Winter, Barry B. McGough, John L. Cromartie, Jr., amicus curiae.
INGRAM, Justice.
The continuing dispute over the jurisdiction of the juvenile courts in delinquency cases prompted the grant of certiorari to review the decision of the Court of Appeals reported in 133 Ga. App. 102 (210 SE2d 24). We reverse.
The case began with a petition filed in White County Juvenile Court for an adjudicatory hearing under the provisions of Code Ann. § 24A-2201. The petition alleged in part that this youth of 16 years of age was delinquent and in need of supervision treatment and rehabilitation because he had participated with three adults in setting *684 fire to the Blue Creek Baptist Church in White County.
After an adjudicatory hearing before the superior court judge, sitting as judge of the juvenile court, the case was transferred to the district attorney for presentation to the superior court for disposition. Thereafter, the juvenile was jointly indicted with the three adults by the grand jury for arson.
It does not appear that the transfer of this case by the White County Juvenile Court to the superior court was done strictly in accordance with Code Ann. § 24A-2501, the only means by which the juvenile court can divest itself of jurisdiction under the Juvenile Code. Transfer proceedings under this section of the Code have been scrutinized carefully by the Court of Appeals and it has been vigilant in requiring that the findings prescribed therein must be made prior to transfer of jurisdiction. E. g., see D. M. N. v. State of Ga., 129 Ga. App. 165 (199 SE2d 114) (1973).
However, the present case did not turn upon the legal validity of the transfer proceedings in the White County Juvenile Court, but rather, upon the subsequent indictment of this juvenile for arson. The Court of Appeals held that the indictment operated ipso facto to deprive the juvenile court of its first obtained jurisdiction. In reaching this conclusion, the full court based its majority ruling squarely upon J. E. v. State of Ga., 127 Ga. App. 589 (2) (194 SE2d 288), and Mathis v. State, 231 Ga. 401 (5) (202 SE2d 73), with only Judge Sol Clark dissenting therefrom.
This factual background of the case and the two earlier decisions of the Georgia Appellate Courts thus frame the issue we decide in the case. Does an indictment of a juvenile for a noncapital felony in the superior court oust the juvenile court of its first obtained jurisdiction under the Georgia Constitution and statute law?
The dissenting opinion of Judge Clark notes that, "J. E. v. State [of Ga., 127 Ga. App. 589], supra, was concerned only with the provisions of the 1971 Act, pp. 709-757. It was decided prior to and without reference to the 1972 Constitutional Amendment and the 1973 Amendments to the Juvenile Code and therefore did not take these legislative changes into consideration." 133 Ga. App. 107. In our *685 view, this is correct and it is not necessary to discuss further the holding in J. E. v. State of Ga. Judge Deen's specially concurring opinion, joined by Judge Evans, in the Court of Appeals decision in the present case observes that: "Were it not for Mathis v. State, 231 Ga. 401 (202 SE2d 73), after the juvenile court took jurisdiction it would have to retain it unless the statute was followed in transferring it to the superior court." It is quite evident from a reading of the majority and concurring opinions of the Court of Appeals that its decision is based primarily upon this court's decision in Mathis.
In Mathis, we held: "The superior court has constitutional jurisdiction to try a person accused of a felony if he has reached the age of criminal responsibility. Nothing in the Juvenile Court Code or in the proceedings of a juvenile court can abrogate this jurisdiction." P. 404. We were dealing there primarily with the contention that the superior court did not have jurisdiction to try the juvenile for the offenses charged against him. We did not hold in Mathis that, under the 1972 Constitutional Amendment and 1973 legislation implementing it, an indictment automatically ousts the previously acquired jurisdiction of a juvenile court. More importantly, we did not consider the 1973 legislation implementing the constitutional amendment because it was not briefed or argued in the case. The record of Mathis on file in this court shows that it involved a juvenile defendant who was indicted by the December, 1972, term of the grand jury and that the true bill in that case was returned on December 18, 1972. Thus the result reached in Mathis was correct under applicable law existing at that time. However, it is not dispositive of the issue now before us which requires a construction of the 1972 constitutional amendment with the implementing 1973 legislation of the General Assembly.
The 1972 constitutional amendment provides in pertinent part that, "The Superior Courts shall have exclusive jurisdiction... in criminal cases where the offender is subjected to loss of life or confinement in the penitentiary, except in the case of juvenile offenders as provided by law ..." (Emphasis supplied.) Ga. L. 1972, p. 1544. This provision preserved the superior court *686 jurisdiction but also authorized concurrent original jurisdiction to be placed in the juvenile courts "in the case of juvenile offenders as provided by law." This was the constitutional authority and direction for the General Assembly to adopt implementing legislation defining the jurisdictional parameters of Georgia courts over juveniles.
The 1972 constitutional amendment was not self executing and required statutory implementation. It became effective as a part of the Constitution on January 1, 1973, since it made no mention of when it otherwise was to become effective. See Ga. L. 1972, pp. 1544, 1545. Thus, under Art. XIII, Sec. I, Par. IV of the Constitution (Code Ann. § 2-8104), its effective date was January 1, 1973. When the 1973 General Assembly convened it moved to the task of implementing the constitutional amendment. The 1973 statutory enactments were stated to "provide for concurrent jurisdiction of the juvenile court and superior court pursuant to Art. VI, Sec. IV, Par I of the Constitution in certain cases ..." As adopted, Ga. L. 1973, pp. 882-889, creates a logical system of concurrent jurisdiction between the juvenile courts and the superior courts for juvenile cases involving the commission of felonies. Under the statutory scheme, exclusive original jurisdiction of the non-capital juvenile cases is placed in the juvenile courts with the concurrent jurisdiction of the superior courts becoming effective when activated by a proper transfer from the juvenile courts.
It was clearly the intent of the General Assembly to vest exclusive original jurisdiction in the juvenile courts over youthful delinquents except in capital felony cases. As Judge Clark noted in his dissent, this conclusion is further substantiated by comparing the jurisdictional provisions of Code Ann. § 24A-301 (a) as enacted in 1971 with the language adopted in 1973. Similar language is used except for the added provision in 1973 excepting capital offenses. A genuine concern for the constitutional deficiency of the basic jurisdictional scheme of the Juvenile Court Code motivated adoption of the 1972 constitutional amendment. See Jackson v. Balkcom, 210 Ga. 412, 414 (80 SE2d 319). Thus, we see that the fundamental structure of the jurisdictional plan for the *687 Juvenile Court, when finally authorized by the constitutional amendment, was re-expressed by the General Assembly in 1973. This was the first opportunity for the General Assembly to act after the constitutional amendment became effective. The 1973 legislation provides a concurrent jurisdictional scheme that is authorized by the amendment. Similar jurisdictional arrangements exist in other states. See, e.g., State v. Dehler, 257 Minn. 549 (102 NW2d 696, 89 ALR2d 496).
When the controlling language of the 1972 constitutional amendment is read with the 1973 legislation, it is apparent that a harmonious and reasonable system of concurrent jurisdiction between the juvenile courts and superior courts has been achieved. Our court system has suffered too long over this jurisdictional uncertainty and, if we expect to have a viable and workable system of juvenile justice, this issue must be laid to rest without further insecurity.
It is easy to see that Mathis led the Court of Appeals to an erroneous conclusion because, on its face, Mathis would seem to control the present issue. However, in Mathis we did not have to confront the specific issue raised in this case. The judgment we now reach is due to the fact that the issue has been extremely well-briefed and argued and we have had the benefit of considerable reflection and deliberation upon it.
We reaffirm our judgment in Mathis upon the facts of that case and the law applicable thereto at the time it was decided. However, with regret that the Court of Appeals may have been misled by that decision, we reverse its judgment here with direction that this case be remanded to the Juvenile Court of White County for disposition in that court, or for a de novo transfer hearing to the superior court in accordance with the Juvenile Code.
Judgment reversed. All the Justices concur, except Nichols, C. J., and Undercofler, P. J., who dissent.
UNDERCOFLER, Presiding Justice, dissenting.
In 1972, the General Assembly proposed an amendment to the Georgia Constitution "so as to provide for concurrent jurisdiction over juvenile offenders in the Superior and Juvenile Courts ..." by amending Art. VI, Sec. IV, Par. I of the Constitution to read as follows: "Paragraph 1. Exclusive jurisdiction except in juvenile cases. The Superior Courts shall have exclusive jurisdiction ... except in the case of juvenile offenders as provided by law..." Code Ann. § 2-3901. This proposed constitutional amendment was ratified on November 7, 1972.
This constitutional amendment merely authorized an Act to give the juvenile courts concurrent jurisdiction with the superior courts. It did not authorize a limitation or abrogation of the superior court's jurisdiction.
In Mathis v. State, 231 Ga. 401 (5) (202 SE2d 73) this very question was presented to this court for decision. In that case this court relied on the decisions of Jackson v. Balkcom, 210 Ga. 412 (80 SE2d 319) and a case written by Mr. Justice Hall while a member of the Court of Appeals, J. E. v. State of Ga., 127 Ga. App. 589 (194 SE2d 288). I think that the ruling in the Mathis case is correct and that the judgment of the Court of Appeals in this case should be affirmed.
I respectfully dissent.
I am authorized to state that Chief Justice Nichols concurs in this dissent.