## 30275. BROWN v. THE STATE.

NICHOLS, Chief Justice.

Tony Brown, a 16-year-old juvenile, together with three other persons, was indicted for the offense of armed robbery. Upon arraignment the three co-indictees entered pleas of not guilty although later two of such co-indictees changed their pleas to guilty. The appellant in this case refused to enter any plea upon arraignment and insisted that pre-trial motions be disposed of prior to formal arraignment. No transcript of the arraignment hearing was included in the record but the trial court has certified that he directed counsel for this appellant to "file his motions and . . . I would hear them but that the defendant's case . . . would be set down for trial, and . . . if upon hearing the motion it should be determined that the court did not have jurisdiction of the case, it would be no problem to take the case off the trial calendar . . ." It was further certified that upon being arraigned the appellant and his counsel refused to enter any plea and the district attorney entered a plea of not guilty on the indictment for such appellant. Thereafter, the appellant's motion attacking the jurisdiction of the superior court to try him was overruled and the case was tried. The jury returned a verdict of guilty and the appellant was sentenced to four years' imprisonment with a recommendation by the trial court "that this defendant serve his time in the Georgia Industrial Institute, Alto, Georgia." The appeal is from this conviction.

1. The appellant's first enumeration of error contends that he was denied the right to arraignment and the second enumeration of error contends that in denying him his right to arraignment he was denied the right to

file pre-trial motions.

In this case, unlike the situation presented in *Birt v. State,* 127 Ga. App. 532 (194 SE2d 335), the appellant was in court at the time of his arraignment. The record discloses that while no entry of formal arraignment was made by the clerk, the district attorney entered a plea of not guilty on the indictment when the appellant through his attorney announced that he would stand mute. See Code § 27-1405. While under the provisions of Code § 27-1501 demurrers and pleas are determined in that order prior to trial, yet where as here, the arraignment takes place, subject to hearing any pleas that may be filed prior to the trial of the case, the failure to hear such pleas prior to the entering of a not guilty plea does not vitiate such arraignment. The procedure followed in this case did not cause the appellant to be tried without arraignment nor was he precluded from filing any defensive pleading and obtaining a ruling thereon prior to trial. These two enumerations of error are without merit.

2. The appellant's third enumeration of error complains that the superior court erred in trying him without first allowing a hearing as provided in Code Ann. § 24A-2501 to determine his amenability to rehabilitation in the juvenile court system. This enumeration of error is without merit.

Code Ann. § 24A-301(b) provides: "The [juvenile] court shall have concurrent jurisdiction with the superior court over a child who is alleged to have committed a delinquent act which would be considered a crime if tried in a superior court and for which the child may be punished by loss of life or confinement for life in the penitentiary." Where, as in this case, the appellant was charged with armed robbery, a crime for which he could be punished by loss of life or confinement for life in a penitentiary, and the superior court first took jurisdiction over such juvenile, the judgment of the trial court on the motion which sought to transfer jurisdiction to the juvenile court and for a hearing under Code Ann. § 24A-2501 to determine the appellant's amenability to rehabilitation in the juvenile court system was not error.

3. The fourth and final enumeration of error contends that the trial court erred in sentencing the

appellant to the state penitentiary under the custody of the State Department of Offender Rehabilitation and in not committing him to the Georgia Department of Human Resources, Mental Health Division. This enumeration of error is without merit inasmuch as the General Assembly provided in the Act of 1974 (Ga. L. 1974, pp. 1455, 1456; Code Ann. § 99-209(a)(5)), ". . . any child convicted of a felony punishable by death or by confinement for life shall only be sentenced into the custody of the State Department of Offender Rehabilitation . . ." Under this Act, the trial court had no discretion but to sentence the appellant as he did.

The evidence authorized the verdict and no error of law appearing, the judgment of the trial court must be affirmed.

*Judgment affirmed. All the Justices concur, except Ingram, J., who dissents.*

SUBMITTED SEPTEMBER 2, 1975 — DECIDED SEPTEMBER 23, 1975 — REHEARING DENIED OCTOBER 16, 1975.

*James W. Studdard,* for appellant.
*William H. Ison, District Attorney, Michael D. Anderson, Assistant District Attorney, Arthur K. Bolton, Attorney General, Julius C. Daugherty, Jr., Staff Assistant Attorney General,* for appellee.