## 30512. RELYEA v. THE STATE.

HALL, Justice.
This appeal by a juvenile convicted of a capital offense is completely controlled by *Brown v. State,* 235 Ga.

353 (219 SE2d 419). Under the construction of Code Ann. § 24A-301 (b) given by *Brown,* the superior court and the juvenile court have concurrent jurisdiction over juveniles charged with capital offenses, and whichever court first takes jurisdiction over the matter in question may retain it, subject to the right of the juvenile court to transfer the case to the superior court under Code Ann. § 24A-2501. Like Brown, Relyea was first indicted by the grand jury for the six armed robberies and the motor vehicle theft here in question, and the superior court thereby took jurisdiction over him.

Relyea asserts in his brief and elsewhere that the juvenile court first took jurisdiction and that he should prevail on this appeal because Code Ann. § 24A-2501 was not followed in a subsequent "transfer" to the superior court. This claim is without merit. The same claim was pressed before the Clayton County Superior Court on March 14, 1975, on Relyea's motion to determine jurisdiction. The only evidence introduced by Relyea in support of his claim that the juvenile court had previously taken jurisdiction over these offenses was a copy of a juvenile court petition relating to a different offense of motor vehicle theft. Therefore, his claim of juvenile court jurisdiction of the offenses for which he was indicted is totally without support in the record.

The single enumeration of error is therefore without merit.

*Judgment affirmed. All the Justices concur, except Ingram, J., who concurs specially.*

SUBMITTED NOVEMBER 14, 1975 — DECIDED FEBRUARY 2, 1976 — REHEARING DENIED FEBRUARY 17, 1976.

*James W. Studdard,* for appellant.

*William H. Ison, District Attorney, Douglas N. Peters, Assistant District Attorney, Arthur K. Bolton, Attorney General, Kirby G. Atkinson, Staff Assistant Attorney General,* for appellee.

INGRAM, Justice, concurring specially.

I dissented in *Brown v. State,* 235 Ga. 353, supra, as I

disagreed with the majority conclusion that the superior court first took jurisdiction over the juvenile involved in that case. We have a similar problem here but an inadequate record upon which to make a determination.

Defense counsel contends that this juvenile was "placed in the custody of the Clayton County Juvenile Court Detention [facility] on December the 11, 1974, on a juvenile complaint alleging that he was in [a] state of delinquency," and that he was charged with armed robbery and motor vehicle theft in the juvenile court. Unfortunately, the record is not clear on the chronology of events which took place in the juvenile court and in the superior court. The Attorney General's brief in a footnote states that, "While the record before this court discloses only a single petition alleging delinquency by virtue of having committed the offense of motor vehicle theft, apparently three juvenile petitions were docketed in the juvenile court on December 12, 1974, alleging armed robbery and motor vehicle theft." The juvenile was subsequently indicted by a grand jury for these offenses on January 10, 1975.

The juvenile court may well have taken jurisdiction over this juvenile first, rather than the superior court. Under these circumstances, a transfer hearing is mandated under the Juvenile Code. Code Ann. § 24A-2501. If true, this court has a duty to enforce the Juvenile Code rather than permit jurisdiction of a juvenile to be wrenched away from the juvenile court by a subsequent indictment in the superior court. See *J. W. A. v. State of Ga.*, 233 Ga. 683 (212 SE2d 849) (1975). Thus, I would prefer to require an evidentiary hearing in the trial court to determine which court acquired first jurisdiction. However, appellant assumed the burden of showing he should be returned to the juvenile court for a transfer hearing. He has not done so under the record we have on appeal. Consequently, I concur in the court's judgment under the principle that he who asserts error must establish it.