*General,* for appellee.

### 32135. HARTLEY v. CLACK.

HALL, Justice.

This is a pre-trial habeas corpus appeal, involving the question whether the Richmond County Superior Court or the Richmond County Juvenile Court first acquired jurisdiction over the appellant.

Appellant was arrested for murder, armed robbery and automobile theft on May 21, 1976, and taken into custody by the Augusta police. She was sixteen years old at the time. The appellant was thereafter transferred to the Richmond County Regional Youth Development Center (RYDC), which is under the direction of the appellee, pursuant to an "order for detention" issued by the Juvenile Judge of Richmond County. On June 2, 1976, the appellant was indicted for armed robbery and murder by the grand jury of Richmond County.

On January 12, 1977, appellant filed her petition for writ of habeas corpus, alleging that she has been illegally detained at the RYDC because the Juvenile Court of Richmond County acquired jurisdiction over her by its order for detention and has failed to comply with the mandatory provisions of Code Ann. § 24A-1404. See *Sanchez v. Walker County Dept. of Family &c. Services,* 237 Ga. 406 (229 SE2d 66) (1976). The appellee admits that the hearings required by Code Ann. § 24A-1404 were never held, but denies that those Code provisions are applicable to the appellant's detention, based on his contention that the Superior Court of Richmond County, rather than the juvenile court, first acquired jurisdiction over the appellant.

Following the habeas hearing, the trial court entered an order finding that the juvenile court's order for detention was merely an order pursuant to Code Ann. § 24A-1403 (b) designating the place of confinement and was not an exercise of jurisdiction by that court. The trial court further found that the superior court had first acquired jurisdiction by means of a true bill of indictment returned on June 25, 1976. Therefore, the court concluded that the

provisions of Code Ann. § 24A-1404 were not required and that appellant's detention was legal. We affirm.

The superior courts and the juvenile courts have concurrent jurisdiction over juveniles charged with capital offenses, and whichever court first takes jurisdiction over the matter may retain it, subject to the right of the juvenile court to transfer the case to superior court under Code Ann. § 24A-2501. *Relyea v. State,* 236 Ga. 299, 300 (223 SE2d 638) (1976); *Brown v. State,* 235 Ga. 353 (2) (219 SE2d 419) (1975); *J. W. A. v. State of Ga.,* 233 Ga. 683 (212 SE2d 849) (1975); Code Ann. § 24A-301(b). Thus, where jurisdiction is first acquired by the juvenile court, a subsequent superior court indictment does not divest the juvenile court of its jurisdiction unless a proper transfer proceeding has been held. *J. W. A. v. State of Ga.,* supra. The question to be decided in this case is whether the juvenile court's issuance of an order of detention resulted in that court's first taking jurisdiction. We find that it did not.

Code Ann. § 24A-801 (d) provides that a proceeding under Title 24A is commenced in cases of alleged delinquency[1] by the filing of a petition when authorized under Code Ann. § 24A-1601. Code Ann. § 24A-1603 provides that such a petition shall be verified and shall set forth plainly the facts which bring the child within the jurisdiction of the court with a statement that it is in the best interest of the child and the public that the proceeding be brought. If delinquency is alleged, it should be stated that the child is in need of supervision, treatment or rehabilitation. The petition should also show the name, age and residence address of the child; the names and residence addresses, if known, of the child's parents, guardian or custodian; whether the child is in custody and, if so, the place of his detention and the time he was taken into custody. See, e.g., 2 Liston's Georgia Pleading, Practice and Legal Forms, § 24A-1603, p. 353 (1975). The order for detention clearly does not meet these requirements. Other Code sections indicate that assumption of jurisdic-

---

[1] A "delinquent act" is one designated a crime by state or federal law. Code Ann. § 24A-401 (e) (1).

tion by the juvenile court is linked to the authorized petition. See, e.g., Code Ann. §§ 24A-1401, 24A-1404 (b) and (e) and 24A-2501. Case law also supports this position. *Williams v. State,* 238 Ga. 298 (2) (232 SE2d 535) (1977); *J. W. A. v. State of Ga.,* 233 Ga. 683 (212 SE2d 849) (1975); *J. B. v. State of Ga.,* 136 Ga. App. 75 (220 SE2d 79) (1975). Furthermore, the juvenile court judge testified at the habeas hearing that because there was a capital offense involved over which the superior court had concurrent jurisdiction, the juvenile court did not intend to take jurisdiction of the case.

Under Code Ann. § 24A-1301 (a) (2) a child may be taken into custody pursuant to the laws of arrest. Under Code Ann. § 24A-1403 (b), "[a] child alleged to have committed an offense over which the superior court has concurrent jurisdiction under Section 24A-301 (b) shall be detained pending a committal hearing . . . or indictment only in [a licensed foster home or home approved by the court; a facility operated by a licensed child welfare agency; a detention home or center for delinquent children; or any other suitable place designated by the court] unless it appears to the satisfaction of the juvenile court that public safety and protection reasonably require detention in common jail and the court so orders." We agree with the trial court's ruling that the juvenile court's order for detention was merely a designation of the place of detention as required by Code Ann. § 24A-1404 (b).

For these reasons we find that the juvenile court did not acquire jurisdiction by its order for detention; jurisdiction was first acquired by the superior court by means of its June 25, 1976 indictment. Therefore the mandatory provisions of Code Ann. § 24A-1404 were not required and appellant's detention is legal.

*Judgment affirmed. All the Justices concur.*

ARGUED APRIL 11, 1977 — DECIDED
MAY 25, 1977.

*Glover & Sibley, Sam B. Sibley, Jr.,* for appellant.
*Richard E. Allen, District Attorney, Stephen E.*

*Curry, Assistant District Attorney,* for appellee.