## 55431. CRANKSHAW v. THE STATE.

McMURRAY, Judge.

Defendant was indicted and convicted in two counts of the offense of selling marijuana in violation of the Georgia Controlled Substances Act. Defendant appeals enumerating as error the denial of his plea to the jurisdiction of the Superior Court of Clayton County. *Held:*

Defendant argues that he is a "child" as defined by Code Ann. § 24A-401 (c) (2) (Ga. L. 1971, pp. 709, 713; 1973, p. 579; 1973, pp. 882, 884; 1976, pp. 1064, 1065; 1977, p. 700; 1977, pp. 1237, 1238) which states " '[c]hild' means any individual who is:. . . (2) under the age of 21 years who committed an act of delinquency before reaching the age of 17 years and who has been placed under the supervision of the court or on probation to the court."

Defendant was 17 years of age at the time of the offense and the time of his indictment. However, at the time of the offense and the time of his indictment he was on indefinite probation in the Juvenile Court of Clayton County for acts of delinquency committed before reaching the age of 17 years.

The following law controls:

(1) The superior court and the juvenile court have concurrent jurisdiction over juveniles charged with capital offenses, and whichever court first takes jurisdiction over the matter in question may retain it,

subject to the right of the juvenile court to transfer the case to the superior court. *Relyea v. State,* 236 Ga. 299, 300 (223 SE2d 638); *J. T. M. v. State of Ga.,* 142 Ga. App. 635, 637 (2) (236 SE2d 764); *Brown v. State,* 235 Ga. 353, 354 (2) (219 SE2d 419).

(2) However, exclusive original jurisdiction rests in the juvenile courts over youthful delinquents except in capital felony cases. See *J. W. A. v. State of Ga.,* 233 Ga. 683, 686 (212 SE2d 849), reversing *J. W. A. v. State of Ga.,* 133 Ga. App. 102 (210 SE2d 24).

(3) Since the defendant here was still a "child" as defined by Code Ann. § 24A-401 (c)(2), supra, the Juvenile Court of Clayton County had exclusive jurisdiction by reason of his having been placed under the supervision of that court ("indefinite probation"), and the plea to the jurisdiction contending the superior court had no jurisdiction until and unless he was transferred by the juvenile court to the superior court pursuant to Code Ann. § 24A-2501 (Ga. L. 1971, pp. 709, 736; 1973, pp. 882, 887) should have been sustained. Compare *Williams v. State,* 238 Ga. 298, 303 (2) (232 SE2d 535).

*Judgment reversed. Quillian, P. J., and Webb, J., concur.*

Submitted March 6, 1978 — Decided July 28, 1978 —

*K. Van Banke,* for appellant.
*Robert E. Keller, District Attorney, Harold G. Benefield, Assistant District Attorney,* for appellee.