## 34922. LANE v. JONES.

MARSHALL, Justice.
This is a pre-trial habeas corpus appeal. The 15-year-old appellant was arrested on a warrant for murder and held in the juvenile section of Glynn County Detention Center, pursuant to a post-arrest order for

detention issued by the Juvenile Court of Glynn County. The appellant's attorney, the public defender, attempted to present a petition alleging delinquency to the juvenile court, but the court refused to accept or file such petition. The appellant then filed a petition for writ of habeas corpus in Glynn Superior Court. On the day of, but prior to, the hearing on the habeas corpus petition, an indictment against the appellant for murder was returned. The writ of habeas corpus was denied, from which the appellant appeals.

1. The juvenile court did not acquire jurisdiction of the appellant by its post-arrest order for detention; therefore, the mandatory provisions of Code Ann. § 24A-1404 (Ga. L. 1971, pp. 709, 725; 1977, pp. 1237, 1242) were not required and the appellant's detention is legal. *Hartley v. Clack,* 239 Ga. 113 (236 SE2d 63) (1977); *Longshore v. State,* 239 Ga. 437 (238 SE2d 22) (1977).

2. Accordingly, jurisdiction was first acquired by the superior court by means of the appellant's indictment for murder returned on the day of, but prior to the hearing on, the appellant's pre-trial habeas corpus petition, at which time no petition was pending in juvenile court. *Hartley v. Clack,* supra.

3. Code Ann. § 24A-1601 (Ga. L. 1971, pp. 709, 726) provides: "A petition alleging delinquency, deprivation or unruliness of a child shall not be filed unless the court or a person authorized by the court has determined and endorsed upon the petition that the filing of the petition is in the best interest of the public and the child." In the case sub judice, the juvenile court's refusal to accept or file the petition alleging delinquency of the appellant, tendered prior to the return of the indictment, was on the ground that it was the policy of that court not to accept jurisdiction of capital felony cases.

Code Ann. § 24A-1601 is not unconstitutional, as contended by the appellant, on the ground that it violates due process of law by permitting the juvenile court to allow the case to be transferred to the superior court by merely disallowing the filing of a petition such as would vest jurisdiction in juvenile court, without the benefit of any transfer hearing, as provided in Code Ann. § 24A-2501 (Ga. L. 1971, pp. 709, 736; 1973, pp. 882, 887;

1978, p. 1758). Treatment as a juvenile is not an inherent right, but one granted by the General Assembly; therefore, the General Assembly may restrict or qualify that right as it sees fit. Woodard v. Wainwright, 556 F2d 781, 785; cert. den. 434 U. S. 1088 (98 SC 1285, 55 LE2d 794) (1978). The official comment in the Annotated Code following this statute is as follows: "Ga. Code Ann., former § 24-2411 provided that after a complaint was filed, a preliminary investigation was to be had, but where a hearing was requested by the complainant or necessary from the facts, a verified petition was to be filed. The new Code section does not permit the filing of a petition unless it is determined by the court or a person authorized by the court that the filing of the petition is in the best interests of the public and the child. *This is consistent with the basic philosophy that these matters shall be handled informally, if at all possible.*" (Emphasis supplied.)

We see no deprivation of due process in giving the juvenile court judge discretion as to the filing of petitions in that court. Nor do we perceive any abuse of discretion under the circumstances in this case, involving a capital felony. It should be noted that § 24A-1601 is for the best interests of the public, as well as the child. The jury in superior court can consider the youth of the appellant as a mitigating circumstance.

The denial of the writ of habeas corpus was not error.

*Judgment affirmed. All the Justices concur, except Jordan, J., who concurs in the judgment only.*

SUBMITTED MAY 18, 1979 — DECIDED JULY 2, 1979.

*Henry Ross,* for appellant.

*Glenn Thomas, Jr., District Attorney, Amanda Williams, Assistant District Attorney,* for appellee.