Willie Charles LANE,
Petitioner-Appellant,

v.

Thomas F. JONES, Sheriff of Glynn
County, Georgia,
Respondent-Appellee.

No. 79–3179.

United States Court of Appeals,
Fifth Circuit.

Oct. 2, 1980.

Henry C. Ross, Savannah, Ga., for petitioner-appellant.

Amanda F. Williams, Brunswick, Ga., for respondent-appellee.

Before TUTTLE, VANCE and POLITZ, Circuit Judges.

VANCE, Circuit Judge:

By petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, Willie Charles Lane complained that he was denied due process of law when tried for murder as an adult rather than having his case adjudicated in the juvenile court. Because we conclude that the case is controlled by this court's prior decision in *Woodard v. Wainwright*, 556 F.2d 781 (5th Cir. 1977), *cert. denied*, 434 U.S. 1088, 98 S.Ct. 1285, 55 L.Ed.2d 794 (1978) we affirm the district court's denial of the writ.

There is no factual dispute. Petitioner was born on February 13, 1963. On December 29, 1978 he was taken in custody by city police of Brunswick, Georgia. On the next day the judge of the juvenile court of Glynn County issued an order directing that petitioner be held in the juvenile section of the Glynn County Detention Center. On January 2, 1979 an arrest warrant was issued out of the magistrate's court of Glynn County charging petitioner with murder. On January 24, 1979 he was indicted by the grand jury, was subsequently tried, convicted and sentenced to life imprisonment.

Georgia law provides for a juvenile court and vests in the juvenile court exclusive jurisdiction over juveniles alleged to be delinquent, unruly or deprived, subject, however, to an exception which was applicable in petitioner's case. The jurisdictional provision pertinent to our consideration is found in Ga.Code Ann. § 24A–301(b) as follows:

> (b) The [juvenile] court shall have concurrent jurisdiction with the superior court over a child who is alleged to have committed a delinquent act which would be considered a crime if tried in a superior court and for which the child may be punished by loss of life or confinement for life in the penitentiary.

The Georgia statute thus contains parallel jurisdictional provisions with jurisdiction over the petitioner properly subject to exercise by either the juvenile court or the superior court. The statute is silent as to how a selection is made between the two courts. Decisions of the Georgia Supreme Court, however, have clearly established that whichever court first takes jurisdiction retains it subject to the power of the juvenile court to transfer cases to the superior court under another specific code section.

*Hartley v. Clack*, 239 Ga. 113, 236 S.E.2d 63 (1977); *Relyea v. State*, 236 Ga. 299, 223 S.E.2d 638 (1976).

When petitioner was taken into custody the public defender, acting as his counsel, sought on January 8, 1979 to quicken the jurisdiction of the juvenile court and thereby preclude assertion of the superior court's jurisdiction. To do so, he took the unusual step of presenting a petition to the juvenile court judge alleging the delinquency of his own client.[1] Ga.Code Ann. § 24A–1601 provides, however, that

> [a] petition alleging delinquency, deprivation or unruliness of a child shall not be filed unless the court or a person authorized by the court has determined and endorsed upon the petition that the filing of the petition is in the best interest of the public and the child.

The juvenile court judge refused to act under this section and thereby refused to accept and file the petition. He held no hearing on the matter. In the state habeas corpus proceeding he later testified that it was his policy not to accept jurisdiction in any capital felony case.

The Georgia Supreme Court had previously held in *Hartley v. Clack* that the juvenile court's prior action in issuing an order of detention did not result in that court's having taken jurisdiction of the matter. The juvenile court judge's subsequent refusal to allow filing of the petition effectively prevented the exercise of that court's jurisdiction. Consequently, when petitioner's indictment was returned and no petition was pending in the juvenile court, jurisdiction of the superior court attached. *Lane v. Jones*, 244 Ga. 17, 257 S.E.2d 525 (1979). The juvenile court was thereafter precluded from exercising jurisdiction under the established principles of Georgia law.

After the juvenile court judge of Glynn County refused his petition alleging delinquency and before an indictment was returned, petitioner's counsel presented a petition of habeas corpus to the judge of the superior court of Glynn County raising the issues which ultimately have come before this court. The petition for habeas corpus was denied by the Georgia superior court. In due course that ruling was upheld by the Supreme Court of Georgia, *id.*, which held that there was neither a deprivation of due process nor an abuse of discretion involved in the juvenile court's refusal to exercise jurisdiction.

The thrust of petitioner's present contention is that the juvenile judge's arbitrary refusal without a hearing to accept the petition alleging delinquency and thereby accept jurisdiction of the case deprived him of due process of law. As a backdrop to our consideration of this contention we note that the Georgia statute does not expressly impose any duty on the juvenile court judge to conduct any such hearing or to allow such a filing. The Supreme Court of Georgia has expressly held that the judge's action in this case is consistent with the basic philosophy of Georgia law and did not constitute an abuse of discretion.

To support his due process argument, petitioner primarily relies on *Kent v. United States*, 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966). Kent was a 16 year old juvenile charged with housebreaking, robbery and rape. Under the D.C.Code he was subject to the exclusive jurisdiction of the District of Columbia Juvenile Court unless after full investigation that court waived jurisdiction and remitted him for trial to the United States District Court for the District of Columbia. In Kent's case jurisdiction was waived by the juvenile court judge without a hearing and without any investigation. Kent attacked the waiver of jurisdiction on a number of statutory and constitutional grounds. The Supreme Court viewed the case, however, as raising "problems of substantial concern as to the construction of and compliance with the Juvenile Court Act." *Id.* at 551, 86 S.Ct. at 1052. The court's reading of the applicable

---

1. The Public Defender was a person authorized to file such a petition by virtue of the provi-sions contained in Ga.Code Ann. § 24A–1602.

statute, although clearly in the context of constitutional principles relating to due process, resolved the question presented.

The distinguishable features of the case are apparent. In *Kent* the court vested with original and exclusive jurisdiction waived that jurisdiction without complying with the mandatory requirements of the statute. Here, there is no affirmative requirement imposed by the statute, which gives two courts concurrent jurisdiction. The juvenile court simply failed to assert jurisdiction and jurisdiction was asserted by the superior court.

We conclude that the present case is controlled not by *Kent* but by this court's holding in *Woodard v. Wainwright*. Woodard was a 16 year old minor who was indicted in Florida as an adult for false imprisonment, assault and robbery.[2] A companion petition involved Bell, another 16 year old minor, also indicted for robbery. Florida law gives the juvenile division of the circuit court *exclusive*, original jurisdiction in the case of offenders 18 years of age or younger subject to three statutory exceptions, the third of which was applicable:

A child of any age charged with a violation of Florida law punishable by death or by life imprisonment shall be subject to the jurisdiction of the court as set out in § 39.06(7) unless and until an indictment on such charge is returned by the grand jury, in which event and at which time the court shall be divested of jurisdiction under this statute and the charge shall be made and the child shall be handled in every respect as if he were an adult. . . .

*Florida Statutes (1975)* § 39.02(5)(c). Petitioners challenged the constitutionality of this section claiming that the decision to treat a juvenile as an adult should not be made without a hearing, counsel, confrontation and findings of fact by a judge. Our court first concluded that

treatment as a juvenile is not an inherent right but one granted by the state legislature, therefore the legislature may restrict or qualify that right as it sees fit,

as long as no arbitrary or discriminatory classification is involved.

*Woodard* at 785. Woodard and Bell argued, however, that even if juvenile treatment constitutes a legislative gift, once given it becomes an important right to which due process safeguards attach. Our court, however, found no constitutional infirmity in permitting state prosecutors to employ their discretion to seek indictments against juveniles charged with committing serious crimes notwithstanding that such indictment ousted the juvenile court of its otherwise exclusive jurisdiction. It rejected the notion that juveniles had been "given" the right to juvenile treatment in any realistic sense, insisting that the entire statute including its express limitations on the juvenile court's jurisdiction must be read as a whole.

To the extent that *Woodard* is distinguishable, we think that a weaker case is presented here. Under the Florida statute, the juvenile court had exclusive jurisdiction from the start. It was simply barred from holding an adjudicatory hearing for fourteen days, subject to the discretion of the prosecutor. The prosecutor could seek an indictment which, if returned, removed jurisdiction to the adult court. Alternately, if the prosecutor informed the juvenile court he would not seek an indictment, the court could hold its hearing at once.

■ Under the Georgia statute, no juvenile court jurisdiction ever attached. The prosecutor sought an indictment which was returned according to law, so that the superior court had jurisdiction over the matter from the outset. If removing a case from a juvenile court, which otherwise has exclusive jurisdiction, can be accomplished without a hearing, clearly bringing a case in a court which has concurrent jurisdiction to begin with does not violate due process. The mere presentation of a delinquency petition to the juvenile court, although bringing due process considerations into play if acted upon, does not in and of itself affect the attachment of jurisdiction.

**2.** Robbery was an offense punishable by imprisonment for life. Fla.Stat. § 813.011 (1973).

We confess to a sense of disquietude with respect to the handling of this case. Obviously, it would have been far better if the juvenile court judge had given meaningful consideration to the case after investigation and a hearing. The role of the courts of the United States, however, does not include substitution of their judgment for that of state judges in the absence of federal constitutional problems. In *Woodard* we expressly held that the Florida statute is not unconstitutional in failing to require a hearing before a juvenile can be tried as an adult. We do not perceive any basis for concluding that the Georgia statute as applied in this instance is any less constitutional.

AFFIRMED.