75876. IN THE INTEREST OF D. H. C.
(365 SE2d 884)

BANKE, Presiding Judge.

The appellant, a juvenile, is charged with murdering his half sister. On May 14, 1987, the Superior Court of Paulding County issued an order "assuming jurisdiction" of the case and confining the appellant to a youth detention facility. On May 19, 1987, a petition alleging the appellant to be a delinquent and deprived child was filed by his attorney in the Juvenile Court of Paulding County. The state moved to dismiss this petition on the grounds that it was not properly endorsed and that the superior court had already retained jurisdiction. A juvenile court referee granted the state's motion, and that ruling was upheld by the superior court judge, acting in his capacity as juvenile court judge. This appeal followed. *Held*:

1. The appellant enumerates as error the failure of the superior court to allow him to have counsel or a guardian present at the time

of his initial appearance before the court on the day that he was arrested, citing, in support of this enumeration of error, OCGA § 15-11-30 (b), which provides in pertinent part as follows: "[A] party is entitled to representation by legal counsel at all stages of any proceedings alleging delinquency, unruliness, or deprivation and if, as an indigent person, he is unable to employ counsel, he is entitled to have the court provide counsel for him." Pretermitting whether the court appearance in question constituted a "critical stage" of the appellant's murder prosecution, this enumeration of error quite clearly establishes no basis upon which to attack the dismissal of the juvenile court petition. See *T. K. v. State of Ga.*, 126 Ga. App. 269, 275 (190 SE2d 588) (1972), holding that a showing of a lack of representation at a detention hearing is relevant only to finding "whether beyond a reasonable doubt lack of counsel did or did not result in harm or prejudice to his fair trial rights at the jury trial."

2. The appellant's second and third enumerations of error are directed to the juvenile court's refusal to assume jurisdiction of the case. The record reflects that the petition filed by the appellant did not contain the endorsement of "the court or a person authorized by the court" stating that the filing of the petition was in the best interest of the public and child, as required by OCGA § 15-11-23. See *Lane v. Jones*, 244 Ga. 17, 19 (257 SE2d 525) (1979). It follows that the petition was properly dismissed. Additionally, it is apparent from the record that the superior court had already taken jurisdiction of the case pursuant to OCGA § 15-11-5 (b) at the time the petition was filed; and it has been held that "whichever court first takes jurisdiction over the matter in question may retain it." *Relyea v. State*, 236 Ga. 299, 300 (223 SE2d 638) (1976).

3. In his final enumeration of error, the appellant asserts that the juvenile court erred in failing to hold a transfer hearing pursuant to OCGA § 15-11-39. The provisions of this statute pertain to the transfer of a case from juvenile court to superior court, and since we have already determined that jurisdiction was properly vested in the superior court at the outset, it follows that this enumeration is also without merit.

*Judgment affirmed. Birdsong, C. J., and Beasley, J., concur.*

DECIDED FEBRUARY 3, 1988.

*Edward T. Murray, Jeffery R. Nabors*, for appellant.
*William A. Foster III*, District Attorney, *Blanchette C. Holland*, Assistant District Attorney, for appellee.