A91A0977. PRICE v. THE STATE.
(411 SE2d 343)

POPE, Judge.

Defendant/appellant William L. Price was convicted of aggravated battery, cruelty to children, simple battery and driving under the influence. He appeals from the denial of his motion for new trial.

1. Defendant contends that the trial court erred as a matter of

law when it ruled that the statement he gave the police was freely and voluntarily made, because his intoxication at the time prevented him from making an intelligent and voluntary waiver of his right to remain silent. The trial court held a *Jackson-Denno* hearing at which the detective who took defendant's statement testified that he read defendant his *Miranda* rights, that defendant read the rights himself, and that defendant said he understood them and had no questions. Defendant dictated his statement to the detective and signed each page. The detective made no promises, threats or offers of benefit to induce defendant to make a statement. He knew defendant had been drinking at the time he attacked and beat his wife and four-month-old baby, but defendant did not appear to be intoxicated some 11 or 12 hours later when he was interviewed. Defendant testified at the hearing that when the police told him that his baby was very close to death he started crying and told them what he knew or could remember he had done — that he "just went ahead and made the statement without a lawyer." At trial, he admitted that he had read the statement and signed each page, and he testified to essentially the same facts, although he claimed that he could not remember much of what he had done.

The trial judge found by a preponderance of the evidence that defendant had been advised of his constitutional rights, that he understood them and voluntarily waived them, and that he thereafter gave a statement freely and voluntarily without hope of benefit or fear of harm, and that the court would let the jury hear the statement and make its own determination as to whether it was in fact voluntary. "A trial court's findings as to factual determinations and credibility relating to the admissibility of a confession will be upheld on appeal unless they are found to be clearly erroneous. [Cit.]" *Peebles v. State*, 260 Ga. 165, 166 (4) (391 SE2d 639) (1990). Since the evidence supports the finding of the trial judge in the instant case, defendant's statement was properly admitted. *Yearwood v. State*, 198 Ga. App. 389 (2) (401 SE2d 558) (1991).

2. Defendant complains that the trial court erroneously found that he made a knowing and intelligent waiver of his right to have an attorney present during police questioning. He argues that the trial court's ruling that he was advised of his constitutional rights and waived them was too generalized and unspecified to show that his assertion he was denied an attorney was considered. Defendant urges this court to adopt the language found in *Berry v. State*, 254 Ga. 101, 104-105 (n. 6) (326 SE2d 748) (1985), that trial judges expressly "find from a preponderance of the evidence that the defendant was advised of each of his *Miranda* rights, that he understood them, that he voluntarily waived them, and that he thereafter gave his statement freely and voluntarily without any hope of benefit or fear of injury. (If

the defendant denies having been advised of any one of his *Miranda* rights or says he requested an attorney, specific findings as to the point in controversy should also be made.)"

In *Berry*, the issue was not *whether* the defendant invoked his right to counsel, as both sides agreed that he had, but the *purpose* for which he requested counsel be present (i.e., for interrogation or just if he took a polygraph test). Moreover, the trial court in *Berry* "did not expressly find" that the defendant had *not* invoked his right to counsel. Id. at 104. Here, defendant testified that he had asked for a lawyer when the detective began to interview him, but "finally agreed to go ahead and give the statement" because he wanted to get out of there and go back to sleep. However, the detective who interviewed him testified that although defendant was advised of all his constitutional rights he never invoked any of them, including his right to an attorney. From this conflicting evidence the trial court found, in much of the language suggested by *Berry*, that defendant had been advised of *each* of his *Miranda* rights and had waived them all, which we conclude was sufficiently specific. See *Hart v. State*, 193 Ga. App. 834 (389 SE2d 400) (1989). "In the absence of evidence of . . . a clear abuse of discretion, the findings of a trial court at a Jackson v. Denno hearing will not be disturbed. [Cits.]" *Sanborn v. State*, 251 Ga. 169, 170 (2) (304 SE2d 377) (1983). There being no such evidence, the trial court's ruling is affirmed. See *Baird v. State*, 198 Ga. App. 791 (402 SE2d 802) (1991).

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED OCTOBER 8, 1991.

*John H. Tarpley*, for appellant.

*Robert E. Wilson*, District Attorney, *Barbara B. Conroy, J. Thomas Morgan III*, Assistant District Attorneys, for appellee.