## A92A2246. MOORE v. THE STATE.
(430 SE2d 115)

COOPER, Judge.

Appellant was convicted of armed robbery and appeals from the entry of the judgment of conviction and sentence. He raises as his sole enumeration of error the trial court's failure to suppress his confession.

Athens-Clarke County police responded to a call reporting an armed robbery in progress at a grocery store. They spotted a vehicle in the parking lot which matched the description of the perpetrator's vehicle given by witnesses. After a high-speed chase, appellant was apprehended and taken back to the store for identification by several eyewitnesses. Appellant was then taken to the jail where he was read his *Miranda* rights, and he waived his rights in writing. During his interview with police detectives, he confessed to the armed robbery. Appellant verified the accuracy of the written transcription of the confession but refused to sign the confession based on the belief that an unsigned statement could not be used against him. Appellant moved the court to suppress the confession on the ground that he did not knowingly and voluntarily waive his *Miranda* rights before making it. Appellant argued that his refusal to sign the confession and his reason for not doing so demonstrated that he did not understand the written waiver because in spite of the waiver, he believed he retained the right against self-incrimination. Appellant also contended he was intoxicated and therefore unable to make a knowing, voluntary and intelligent waiver. The trial court denied the motion and admitted the confession at trial. In *Aldridge v. State*, 258 Ga. 75, 76 (3) (365 SE2d 111) (1988), a defendant sought to exclude statements made during custodial interrogation after *Miranda* warnings were given on the ground that the statements were not freely and voluntarily given because he did not sign a waiver of rights before talking to police. The court held that "[t]he refusal to sign a waiver of rights form before speaking to police does not render the statements involuntary and inadmissible. Once *Miranda* warnings are given and a person in custody gives a statement to police without invoking his right to remain silent and without requesting an attorney, he has in effect waived his rights. The refusal to sign a waiver form does not constitute an invo-

cation of the right to remain silent or the right to counsel." Id. Likewise, in the instant case, the record indicates that appellant's confession was freely and voluntarily made after advice of *Miranda* rights and the signing of a written waiver, and appellant's refusal to sign the confession did not prohibit its use at trial. Contrary to appellant's belief, the police were not required to obtain another waiver of rights after the confession. Thus, the trial court did not err in finding that appellant's confession was freely and voluntarily given despite his refusal to sign the statement.

During the *Jackson-Denno* hearing, in addition to hearing from the police officers who testified as to the voluntariness of appellant's confession, appellant testified that he was intoxicated during the interrogation; that he did not read the printed form which contained the *Miranda* warnings or the waiver; and that he did not recall the police reading the rights to him. Despite this testimony, in its denial of the motion to suppress, the trial court resolved the conflict in the evidence in favor of the State's witnesses and found "from a preponderance of the evidence that the Defendant was advised of his *Miranda* rights, that he understood them, and he voluntarily waived them; that he thereafter gave his statement freely and voluntarily without any hope of benefit and without the remotest fear of injury." " 'A trial court's findings as to factual determinations and credibility relating to the admissibility of a confession will be upheld on appeal unless they are found to be clearly erroneous. (Cit.)' [Cit.] Since the evidence supports the finding of the trial judge in the instant case, [appellant's] statement was properly admitted." *Price v. State*, 201 Ga. App. 435, 436 (1) (411 SE2d 343) (1991).

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED MARCH 12, 1993.

*W. McCall Calhoun, Jr.*, for appellant.
*Harry N. Gordon, District Attorney, Jimmie E. Baggett, Jr., Assistant District Attorney*, for appellee.