A05A1201, A05A1202. MOORE v. THE STATE (two cases).
(622 SE2d 417)

RUFFIN, Chief Judge.

A jury found William Danny Moore guilty of armed robbery. Since Moore had three prior felony convictions, he was sentenced to life in prison without parole pursuant to OCGA § 17-10-7 (c). In two separate appeals, Moore challenges the validity of his sentence. Specifically, Moore contends that, because he was a minor when he committed one of the prior felonies — a 1974 armed robbery — jurisdiction lay in the juvenile court rather than the superior court, which accepted his guilty plea. Thus, he maintains that his conviction for the 1974 crime is void and cannot serve as a basis for recidivist punishment. We disagree.

The undisputed facts reveal that on June 18, 1974, Moore robbed a woman at gunpoint. Two days later, he shot and killed a man. At the time Moore committed these two crimes, he was sixteen years old. Initially, the murder case was docketed in the juvenile court, which transferred the matter to the superior court. However, Moore was indicted for armed robbery in the superior court, and that matter was never before the juvenile court. In October 1974, the superior court accepted Moore's guilty plea on both charges.

In July 1991, Moore committed two more armed robberies. Following the second 1991 armed robbery, the trial court sentenced Moore to life in prison without parole in accordance with OCGA § 17-10-7 (c).[1] In so doing, the trial court relied upon the 1974 armed robbery conviction as one of the three prior felonies for purposes of recidivist sentencing. Moore thus filed a motion to "correct, modify and/or strike" his sentence for the 1991 crime, asserting that the 1974 conviction was void as a matter of law. He also filed a separate petition, challenging the 1974 sentence. The trial court denied both motions, and Moore filed the instant appeals.

The crux of Moore's argument is that the superior court improperly assumed jurisdiction over the 1974 armed robbery charge. We disagree. When Moore pleaded guilty to armed robbery in 1974, the law regarding jurisdiction over juveniles provided that the juvenile

> court shall have concurrent jurisdiction with the superior
> court over a child who is alleged to have committed a
> delinquent act which would be considered a crime if tried in

---

[1] This Code section provides, in pertinent part, that "any person who, after having been convicted under the laws of this state for three felonies . . . commits a felony within this state other than a capital felony must . . . serve the maximum time provided in the sentence . . . and shall not be eligible for parole until the maximum sentence has been served."

a superior court and for which the child may be punished by loss of life or confinement for life in the penitentiary.[2]

And, by statute, armed robbery is punishable by loss of life or confinement for life in the penitentiary.[3] Accordingly, the superior court properly assumed jurisdiction over the offense.[4]

The case cited by Moore, *J. W. A. v. State*,[5] does not require a different result. In that case, the issue presented was whether an indictment of a juvenile in superior court divested the juvenile court of its jurisdiction after such court had already exercised jurisdiction.[6] The Supreme Court held that it did not, and thus a transfer hearing was required before the superior court obtained jurisdiction.[7] In this case, the superior court first exercised jurisdiction over the 1974 armed robbery charge, and thus no transfer hearing was required.[8]

Moore essentially argues that armed robbery should not be considered a capital offense for purposes of superior court jurisdiction because, notwithstanding the statute's provision for the death penalty, such penalty is not in fact available for armed robbery.[9] Again, however, the statute in existence in 1974 provided that the superior court had jurisdiction over crimes "for which the child may be punished by loss of life *or confinement for life*."[10] Thus, armed robbery falls within the ambit of the statute even if it is no longer punishable by loss of life. Moreover, our Supreme Court has ruled that a superior court may take jurisdiction over a juvenile charged with armed robbery without first having the matter transferred from juvenile court.[11] Under these circumstances, we find Moore's arguments unavailing, and we affirm.

*Judgments affirmed. Johnson, P. J., and Barnes, J., concur.*

DECIDED OCTOBER 21, 2005.

*Richard K. Murray*, for appellant.

---

[2] Former Code Ann. § 24A-301 (b).

[3] See OCGA § 16-8-41 (formerly Code Ann. §§ 26-2502; 26-2503).

[4] See *Brown v. State*, 235 Ga. 353, 354 (2) (219 SE2d 419) (1975).

[5] 233 Ga. 683 (212 SE2d 849) (1975).

[6] See id. at 684 (framing the issue as whether "an indictment of a juvenile for a noncapital felony in the superior court oust[s] the juvenile court of its first obtained jurisdiction under the Georgia Constitution and statute law").

[7] See id. at 686-687.

[8] See *Brown*, supra.

[9] See *State v. Harper*, 271 Ga. App. 761, 763, n. 9 (610 SE2d 699) (2005), citing *Collins v. State*, 239 Ga. 400, 402 (2) (236 SE2d 759) (1977).

[10] (Emphasis supplied.) Former Code Ann. § 24A-301 (b).

[11] See *Brown*, supra.

*Kenneth W. Mauldin, District Attorney, Patricia K. Atwill, Assistant District Attorney*, for appellee.