**FOURTH DIVISION**
**DOYLE, P. J.,**
**MILLER and DILLARD, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**July 9, 2014**

# In the Court of Appeals of Georgia

A14A0429. In the Interest of F. A. G. R., a child.        DO-024

DOYLE, Presiding Judge.

The custodians of F. A. G. R. ("Petitioners"), appeal from a juvenile court order declining to endorse their petition alleging F. A. G. R. 's deprivation and seeking to invoke the juvenile court's jurisdiction. For the reasons that follow, we affirm.

The record shows that the Petitioners filed a petition in the juvenile court seeking a determination that F. A. G. R. was a deprived child. The petition alleged that F. A. G. R.'s date of birth was June 22, 1995, making him approximately two months shy of his 18th birthday on the date the petition was filed. The petition outlined F. A. G. R.'s history as a juvenile born in Honduras, who was allegedly forced by his parents to leave home as a 17-year-old and come to the United States to seek work. Along the journey, F. A. G. R. endured a kidnapping and other abuse

before he was eventually apprehended by United States customs and border agents at the United States border in January 2013. Federal authorities placed F. A. G. R. in the custody of the U. S. Office of Refugee Resettlement, which ultimately contacted the Petitioners, one of whom is F. A. G. R.'s older cousin, and placed F. A. G. R. into their care in Hall County in March 2013.

The Petitioners further alleged that F. A. G. R. had enrolled in school, they were providing for his needs, and at least one of the Petitioners had authorization to work in the United States. Due to the circumstances of F. A. G. R.'s removal from his home and journey to the United States, the Petitioners alleged that F. A. G. R. was a deprived child, and they requested the juvenile court to exercise its jurisdiction over the petition. The juvenile court issued an order concluding that the petition lacked allegations sufficient for the court to exercise its jurisdiction, thereby declining to endorse the petition pursuant to OCGA § 15-11-37 (2013).[1] The Petitioners now appeal, requesting this Court to reverse the juvenile court's failure to endorse the petition and direct the juvenile court to hear the merits and issue a decision nunc pro tunc to the date of the original 2013 order.

[1] Former OCGA § 15-11-37 was repealed and reenacted by an Act effective on January 1, 2014, and applicable to proceedings commenced on or after that date. See Ga. L. 2013, p. 514, § 5-1. Accordingly, we apply the Code section in effect in 2013.

We note that F. A. G. R. is no longer a minor. Seeking a deprivation order valid at the time F. A. G. R. was a juvenile, the Petitioners argue that they could use the deprivation findings in a back-dated order to obtain relief pursuant to the Special Immigrant Juvenile program under Federal immigration law. "[T]he general rule is that appellate courts do not consider moot questions. Mootness is a question of court policy based on the theory that courts do not give opinions on abstract propositions of law that do not involve an actual controversy between parties."[2] Pretermitting whether the Petitioners are correct and their appeal is therefore not mooted by F. A. G. R.'s age, we conclude that the appeal is without merit.[3]

OCGA § 15-11-37 (2013) provided as follows: "A petition alleging delinquency, deprivation, or unruliness of a child shall not be filed unless the court or a person authorized by the court has determined and endorsed upon the petition that the filing of the petition is in the best interest of *the public and the child*."[4] The endorsement requirement provides the juvenile court with "discretion as to the filing

---

[2] *In the Interest of T. H.*, 319 Ga. App. 216, 218 (735 SE2d 287) (2012).

[3] See generally *Burns v. State*, 281 Ga. 338, 342, n. 7 (638 SE2d 299) (2006) (pretermitting mootness question); *Hinely v. State*, 275 Ga. 777, 783 (3) (573 SE2d 66) (2002) (same).

[4] (Emphasis supplied.)

of petitions in that court," and is consistent with the "basic philosophy that [juvenile] matters shall be handled informally, if at all possible."[5] "Treatment as a juvenile is not an inherent right, but one granted by the General Assembly; therefore, the General Assembly may restrict or qualify that right as it" did in enacting the endorsement requirement.[6]

Here, the juvenile court noted that the petition for a finding of deprivation alleged that the Petitioners were meeting F. A. G. R.'s needs, he was enrolled in and attending school, and he was suffering no neglect or abuse in any way while in their care. Thus, the court found no current or likely future deprivation in F. A. G. R.'s case.

Further, the juvenile court found that F. A. G. R. was two months from being 18 years old, and a hearing on the petition could not be set for several weeks. Thus, the court correctly noted that any temporary custody order would have an effective duration of only two or three weeks "at best."[7] Citing all of these circumstances, the

_____

[5] (Citation, punctuation, and emphasis omitted.) *Lane v. Jones*, 244 Ga. 17, 19 (3) (257 SE2d 525) (1979).

[6] Id.

[7] See OCGA § 15-11-2 (2) (C) (2013) (defining "child" in the deprivation context to be any individual under the age of 18 years). By definition, a "deprived

4

juvenile court found that F. A. G. R. had no present need for its intervention to support F. A. G. R.'s physical, mental, or emotional health, nor would the best interest of the public require endorsement of the petition.

Based on the record before us, we find no abuse of discretion on the part of the juvenile court. It is clear that F. A. G. R. was not currently suffering from a lack of care or control necessary for his physical, mental, or emotional health or morals, nor was he without a custodian. Further, in light of the timing of the petition so close to F. A. G. R.'s eighteenth birthday, at which time any custody or deprivation order would expire, the juvenile court's decision not to exercise its jurisdiction as a matter of public interest was not an abuse of its discretion. Accordingly, we affirm.

*Judgment affirmed. Miller and Dillard, JJ., concur.*

---

child" must be a "child." See OCGA § 15-11-2 (8).