# Court of Appeals
# of the State of Georgia

ATLANTA,  May 03, 2019

*The Court of Appeals hereby passes the following order:*

**A19A1836.  WILLIAM DANIEL MOORE v. THE STATE.**

In 1992, a jury found William Moore guilty of armed robbery, and the trial court sentenced him as a recidivist to life imprisonment without the possibility of parole, pursuant to OCGA § 17-10-7 (b) (1992).  We affirmed his judgment of conviction on direct appeal.  See *Moore v. State*, 207 Ga. App. 802 (430 SE2d 115) (1993).  In 2000, Moore filed a motion to vacate, correct, or modify his sentence, which the trial court denied the following year.  We again affirmed on direct appeal. See *Moore v. State*, 251 Ga. App. 295 (554 SE2d 204) (2001).  Moore subsequently filed a motion to "correct, modify and/or strike" his life sentence.  The trial court again denied Moore's motion, and we once again affirmed on direct appeal.  See *Moore v. State*, 276 Ga. App. 55 (622 SE2d 417) (2005).

In 2014, Moore filed a "Motion to Correct Null and Void/Illegal Sentence Pursuant to [OCGA §] 17-9-4," in which he contended that his sentence is invalid because: (i) the State failed to give notice that it was seeking the death penalty against him[1]; and (ii) the trial court mistakenly believed that it lacked the authority to impose any sentence other than life in prison without the possibility of parole.  The trial court denied Moore's motion, and he filed this direct appeal.  We lack jurisdiction for multiple reasons.

---

[1] The record contains no indication that the State sought the death penalty against Moore in this case.

Because we rejected Moore's challenges to the legality of his sentence in his prior two appeals, the current appeal is barred by the law of the case. See *Ross v. State*, 310 Ga. App. 326, 327 (713 SE2d 438) (2011) ("[A]ny issue that was raised and resolved in an earlier appeal is the law of the case and is binding on this Court . . . .") (punctuation omitted); see also *Jackson v. State*, 273 Ga. 320, 320 (540 SE2d 612) (2001) (a defendant "is not entitled to another bite at the apple by way of a second appeal"). Regardless, Moore is not entitled to an appeal here because he has not raised a colorable void-sentence claim.

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010). Once, as here, this statutory period expires, a trial court may modify only a void sentence. Id. "A sentence is void if the court imposes punishment that the law does not allow." *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004) (punctuation omitted). When a sentence falls within the statutory range of punishment, it is not void and is not subject to modification beyond the time provided in § 17-10-1 (f). See id. A direct appeal does not lie from the denial of a motion to modify a sentence filed outside the statutory time period unless the motion raises a colorable claim that the sentence is, in fact, void. *Frazier*, 302 Ga. App. at 348.

A trial court in 1992 was authorized to impose a sentence of life in prison following a conviction for armed robbery. See OCGA § 16-8-41 (b) (1992). Moreover, in Moore's 2001 appeal, we determined that the trial court properly found that he previously had been convicted of three felonies, which renders him ineligible for parole under OCGA § 17-10-7 (b) (1992). See *Moore*, 251 Ga. App. at 296-297. Consequently, Moore's life sentence falls within the statutory range of punishment, and his claims regarding the State's failure to give notice that it was seeking the death penalty and the trial court's allegedly mistaken belief as to its authority have no bearing on the legality of his sentence.

For each of the above reasons, Moore's appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta, 05/03/2019 *
   *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
   *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*