## 32436. LONGSHORE v. THE STATE.

HALL, Justice.

This case questions whether Longshore, charged with murder, is subject to the jurisdiction of the superior court or the juvenile court.

Longshore, aged 16, was arrested and jailed January 22, 1977, and charged with the murder of his father and aggravated assault upon his mother. The night of the arrest, the county juvenile court judge was summoned to

the jail and issued five orders authorizing photographing, urinalysis, fingerprinting, and blood testing of Longshore, and appointing for him a guardian ad litem. No petition alleging delinquency (see Code Ann. § 24A-1603) was ever filed. On February 8, 1977, he was indicted for the two crimes by the grand jury.

Following indictment, Longshore's appointed attorney filed in the superior court a "Motion to Transfer Cases to Juvenile Court" asserting that the orders signed by the juvenile judge constituted the taking of jurisdiction by that court prior to the murder indictment, giving the juvenile court jurisdiction of this capital offense, see *Relyea v. State,* 236 Ga. 299, 300 (223 SE2d 624) (1976); *Brown v. State,* 235 Ga. 353, 354 (219 SE2d 419) (1975); and that the provisions of Code Ann. § 24A-2501 relating to transfers from juvenile to superior court had not been complied with. (Aggravated battery is not a capital offense; therefore the juvenile court's jurisdiction of that charge is uncontested. See Code Ann. § 24A-301). The superior court held a hearing on the motion at which the Dougherty County Juvenile Judge testified that because Longshore's father was dead and his mother undergoing surgery, the judge felt it important that Longshore's rights be preserved by juvenile court orders. The superior court denied the motion, and we granted Longshore's application for an interlocutory appeal.

This case is controlled by two recent decisions. In *Williams v. State,* 238 Ga. 298, 303 (232 SE2d 535) (1977), we wrote that "A transfer hearing in juvenile court pursuant to Code Ann. § 24A-2501 is required only '(a) After a petition has been filed alleging delinquency based on conduct which is designated a crime . . .' No petition alleging deliquency was filed in juvenile court in this case and hence no transfer hearing in that court was required. [Cits.]" The last sentence of that quotation is sufficient to decide the instant case. Additionally, on May 25, 1977, we decided *Hartley v. Clack,* 239 Ga. 113 (236 SE2d 63), in which we ruled that a juvenile court's issuance of an order of detention did not result in that court's taking jurisdiction, because only a "petition" within the meaning of Code Ann. §§ 24A-801 and 24A-1601 could in the

pertinent circumstances commence a juvenile proceeding.

It is uncontested here that no petition was ever filed. It follows that the juvenile court never obtained jurisdiction, and the superior court obtained jurisdiction over this offense when Longshore was indicted for murder on February 8, 1977. This ruling decides the first four enumerations of error and moots the fifth one insofar as it argues that the juvenile court's failure to "preserve" its jurisdiction cost Longshore his anonymity. To the extent that Longshore claims injury from pre-trial publicity, he must seek relief by proper motion in the trial court.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JUNE 17, 1977 — DECIDED SEPTEMBER 6, 1977.

*Langstaff, Campbell & Plowden, R. Edgar Campbell,* for appellant.

*William S. Lee, District Attorney, Loring A. Gray, Jr., Assistant District Attorney,* for appellee.