## 44452. JACKSON v. THE STATE.
### (361 SE2d 156)

SMITH, Justice.

This is an appeal from the trial court's denial of a plea of former jeopardy. We affirm.

The appellant, Deborah Sue Jackson, was indicted on two counts of murder for the deaths of her mother and stepfather. At the conclusion of the state's evidence and again after all the evidence was presented, the appellant moved the court for a directed verdict of acquittal. Both motions were denied. The jury deliberated for ten hours over a two-day period, and after the jury failed to reach a verdict, the trial judge declared a mistrial and ordered a retrial.

The appellant argues that double jeopardy precludes reprosecution because a directed verdict of acquittal should have been granted. In *Humphrey v. State*, 252 Ga. 525 (314 SE2d 436) (1984), this Court held that the test for determining the sufficiency of the evidence in response to a motion for directed verdict is the same test established in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Applying this test, we find that a rational trier of fact could have found the essential elements of the crimes beyond a reasonable doubt.

This Court has held, "[r]etrial of a criminal defendant after a mistrial caused by the inability of the jury to reach a verdict does not constitute double jeopardy where there is manifest necessity for declaring the mistrial." *Glass v. State*, 250 Ga. 736, 738 (300 SE2d 812) (1983). Our review of the record reveals that the trial court did not abuse its discretion in ruling that the jury was hopelessly deadlocked and declaring a mistrial.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 8, 1987.

*Michael R. Jones, Sr.,* for appellant.
*John M. Ott, District Attorney, Michael J. Bowers, Attorney General,* for appellee.