### S90A0265. BROWN v. THE STATE.
(391 SE2d 113)

PER CURIAM.

Appellant, James Wayne Brown, age sixteen, lived with his mother, Joan Brown, at the time of her death. He was convicted of her murder and sentenced to life imprisonment. We affirm.[1]

When construing the evidence in favor of the verdict, the jury could have found the following facts:

On Sunday, October 16, 1988, the victim was reported missing. Her billfold and car keys were also missing. Six days later, her partially decomposed body was discovered in a wooded area approximately three hundred feet from her home. She was wearing the same

---

[1] The crime in this case was committed on October 16, 1988. The trial began on April 3, 1989, and the sentence was entered on April 6, 1989. The appellant filed a motion for new trial on May 4, 1989, and this motion was denied on June 22, 1989. The notice of appeal was filed on July 7, 1989, and the appeal was docketed in this Court on November 28, 1989. The case was submitted for decision without oral argument on January 1, 1990.

clothes that she had worn on the day of her disappearance and she had been shot two times in the head and two times in the chest and abdomen area with .22 caliber bullets.

Over a ten-week period prior to Ms. Brown's death, appellant had become romantically involved with Ms. Patty Neely, who was twenty-four years old. The appellant's mother strongly disapproved of this relationship, and this had angered appellant. Witnesses heard him say that, "he just wanted to kill her because of it"; that, "he would just like to feel [a metal pipe in his possession] hit up against her head"; and that, "he'd like to put his hands around her throat and choke her."

On the day of Ms. Brown's disappearance, appellant had attempted to obtain possession of a gun from several individuals, using various pretexts. Between 9:00 to 9:30 p.m., he obtained possession of a handgun with nine shells from Mr. Willie Curtis. Appellant returned the gun to Curtis sometime after 11:00 p.m.; five of the shells had been fired. Appellant initially claimed he had shot the gun in the air; however, after Curtis had questioned him repeatedly as to what he had done with the gun, appellant responded that, "[t]hey can't prove nothing."

Forensic evidence established that a bullet recovered from the victim's body had been fired from this gun and that human blood was present on appellant's tennis shoes. Also, hair taken from the carpet in the back of the automobile appellant was driving matched Ms. Brown's hair, and carpet fiber recovered from her clothing matched carpet fiber taken from the car.

Other evidence will be reviewed insofar as is necessary in order to resolve the enumeration of errors raised.

1. In his first enumeration of error, appellant argues the trial court erred in denying his motion for directed verdict of acquittal, in that the circumstantial evidence failed to exclude every other reasonable hypothesis except that of his guilt. OCGA § 24-4-6; *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).[2] Appellant

---

[2] The appellant argues that the standard for weighing the sufficiency of the evidence under OCGA § 24-4-6 is more stringent than the *Jackson v. Virginia* standard. As authority in support of this argument, appellant cites *Wilcox v. Ford*, 813 F2d 1140 (2) (11th Cir. 1987), which holds that under *Jackson* "[i]t is not required that the evidence rule out every hypothesis except that of guilt beyond a reasonable doubt." Id. at 1143. Nor is this required under Georgia statutory law. This Court has held in cases too numerous to cite that

> [i]t is not necessary to sustain a conviction based upon circumstantial evidence, that the evidence exclude every possibility or every inference that may be drawn from the proven facts, but only that it exclude every reasonable inference and reasonable hypothesis. *Dunson v. State*, 202 Ga. 515, 521 (43 SE2d 504); *Wrisper v. State*, 193 Ga. 157, 164 (17 SE2d 714) and cases cited. *Samsell v. State*, 222 Ga. 235, 238 (149 SE2d 367) (1966).

In addition, it would appear to us that in order for wholly circumstantial evidence to

bases his argument in this regard on the fact that crucial evidence linking him to the crime came from Willie Curtis, who was also romantically involved with Patty Neely. The area in which the victim's body was found had been thoroughly searched prior to discovery of the body, and witnesses had seen an older-model green automobile fitting the description of Curtis' car leaving this area after the initial search. Primarily for these reasons, appellant argues that the proved facts in this case do not exclude another reasonable hypothesis, viz., that Curtis was the perpetrator of the crime and that he moved the body to the location in which it was found after the search of this area had been conducted. We disagree.

The evidence establishing appellant as the perpetrator of the murder, particularly the forensic evidence noted, was sufficient to exclude every reasonable hypothesis except that of the appellant's guilt.

> Circumstantial evidence must exclude only reasonable hypotheses; it need not exclude every inference or hypothesis except that of the defendant's guilt. *White v. State*, 253 Ga. 106 (1) (317 SE2d 196) (1984); *Robinson v. State*, 168 Ga. App. 569 (1) (309 SE2d 845) (1983). Viewing the evidence of the instant case in a light most favorable to the verdict, we conclude that the jury could have found that it excluded every reasonable hypothesis except that of the defendant's guilt, OCGA § 24-4-6; *Nicholson v. State*, 249 Ga. 775 (1) (294 SE2d 485) (1982), and that the jury could have found [appellant] guilty of the crime of murder beyond a reasonable doubt, *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). *Smith v. State*, 257 Ga. 381, 382 (359 SE2d 662) (1987).

2. Appellant argues that the superior court lacked jurisdiction of this case because the juvenile court first exercised jurisdiction and failed thereafter to conduct a transfer hearing. We find no merit in this contention.

Since no petition alleging delinquency was filed in juvenile court, no transfer hearing in that court was required. *Longshore v. State*, 239 Ga. 437 (238 SE2d 22) (1977) and cits.

3. In his third enumeration of error, appellant argues that the trial court erred in denying his motion for mistrial based upon the prosecutor's presentation to the jury of prejudicial matters inadmissible in evidence.

---

authorize a rational trier of fact in finding the defendant guilty beyond a "reasonable" doubt, it would have to exclude every "reasonable" hypothesis save that of guilt. On this basis, it would seem that *Jackson* and OCGA § 24-4-6 dovetail.

Personnel at a youth detention center in which appellant was detained inadvertently overheard him make a statement to defense counsel that, "I will show you the body of the man who killed my mother." The trial court granted appellant's motion in limine to suppress this statement.

Appellant based his motion for mistrial on the fact that in cross-examining a defense witness who had given testimony concerning actions on his part after the victim's death, the prosecutor asked the witness if he had searched for any bodies other than the body of the victim. Upon defense counsel's objection, bench conferences were held. During these conferences, defense counsel stated that appellant in fact had not made the statement attributed to him concerning the search for another body. The prosecutor stated that his questioning of the defense witness concerning the search for another body was based upon statements made by a law enforcement officer who was present during the search. The trial court ruled that the prosecutor could call the law enforcement officer as a witness, but that he could not engage in further questioning of the defense witness on this subject. The prosecutor did not call the officer as a witness, and this was the basis for appellant's motion for a mistrial. The trial court denied the motion on the ground that appellant did not request any corrective action at the time of the objection. We find no error.

4. In his fourth enumeration of error, appellant argues that the trial court erred in not allowing full impeachment of Willie Curtis.

Appellant had maintained that Willie Curtis, who had given appellant the weapon and then reacquired possession of it after the victim's death, was involved in the murder. On cross-examination, Curtis testified that he had never been in possession of any other guns, nor had he ever pointed any other guns at other people. The defense subsequently called a rebuttal witness. This witness testified he had seen Curtis in possession of another gun. When defense counsel said, "Well, tell us about it," the prosecutor raised an objection concerning the proof of criminal convictions through certified copies thereof; the trial court overruled the objection. The witness then proceeded to give testimony concerning him and Curtis "fighting over a car about four years ago." The trial court then ruled that defense counsel could ask the witness if he had ever seen Curtis with a gun, "but that's as far as you can go."

Although "a witness may be impeached by disproving the facts testified to by him," OCGA § 24-9-82, a witness may not be impeached based upon a discrepancy relating to a wholly immaterial matter. Eg., *Thomas v. State*, 168 Ga. App. 587 (1) (309 SE2d 881) (1983). To the extent that appellant was prohibited from examining this witness in regard to Curtis' testimony which could be considered material to this case, we hold that any error was clearly harmless.

5. In his fifth enumeration of error, appellant argues that the trial court erred in allowing improper impeachment of a defense witness.

The trial court allowed the prosecutor to cross-examine this witness as to their prior encounters. In the course of examining the witness, it was established that the prosecutor had seen the witness in the Bartow Superior Court and that the witness was with an attorney there. Since the prosecutor represents the State in Bartow County, as well as in Gordon County, appellant argues that this line of questioning created the impermissible inference that the witness was a party to criminal proceedings in Bartow County, and thus constituted an unauthorized impeachment. Although we agree that this questioning may well have created the impermissible inference appellant suggests, appellant made no proper objection and requested no curative action. Therefore, no reversible error appears.

6. In his sixth enumeration of error, appellant argues that the trial court erred in admitting an 8" x 10" color photograph showing a close-up of the remains of the victim's face after extensive animal and insect damage.

In this regard, the trial court admitted seven photographs showing the condition and position of the victim's body. A grisly photograph of the victim's face was taken after her body was turned over. This photograph shows the decomposition and insect and animal infestation of her face. The admission was over the objection that the prejudicial effect outweighed its probative value.

Appellant argues that this photograph was inadmissible under *Brown v. State*, 250 Ga. 862, 867 (5) (302 SE2d 347) (1983), as interpreted in *Roper v. State*, 258 Ga. 847, 852 (3) (375 SE2d 600) (1989). We disagree.

Appellant's defense rested on the hypothesis that shortly before its discovery, approximately one week after the victim's death, someone in an automobile matching the description of Curtis' car placed the victim's body at the location in which it was found; however, the photograph established the degree of decomposition, as hastened by animal infestation, and tended to rebut that hypothesis.

7. In his seventh enumeration of error, appellant argues that the trial court erred in denying him funds to hire an independent psychiatrist. We disagree.

Where there is a preliminary showing that the defendant's sanity is likely to be a significant factor at trial, *Ake v. Oklahoma*, 470 U. S. 68 (105 SC 1087, 84 LE2d 53) (1985), holds that the state is required to provide the indigent defendant with the assistance of a psychiatrist in preparing his defense. *Lindsey v. State*, 254 Ga. 444, 448-449 (330 SE2d 563) (1985). The defendant does not have the right to choose a psychiatrist of his personal liking or to receive funds to hire his own. *State v. Grant*, 257 Ga. 123, 126 (2) (355 SE2d 646) (1987).

Appellant filed a notice of intention to raise the issue of insanity or mental competency under Uniform Superior Court Rule 31.4. The trial court denied appellant's motion for funds in order to obtain an independent psychiatric evaluation; however, the court ordered a state psychiatrist to conduct psychiatric evaluation of appellant. The psychiatrist concluded appellant was competent to stand trial and not suffering from any delusional compulsion or otherwise insane. Appellant made no showing to rebut this conclusion, and we find no error. See *Childs v. State*, 257 Ga. 243 (5) (357 SE2d 48) (1987); *Grant*, 257 Ga. at 126 (2); cf. *Holloway v. State*, 257 Ga. 620 (3) (361 SE2d 794) (1987).

*Judgment affirmed. All the Justices concur, except Weltner, Bell, and Fletcher, JJ., who dissent.*

FLETCHER, Justice, dissenting.

I respectfully dissent as to Division 6 and the judgment of the majority opinion.

The trial court admitted seven color photographs showing the condition and position of the victim's body after its discovery in a wooded area. Appellant objected to the admission of only one of these photographs on the grounds that its prejudicial effect outweighed its probative value.

This grisly photograph, depicting the mutilation of the victim's face through decomposition and animal and insect infestation, is spectacularly gruesome and is clearly not evidence essential to the proof of the state's case. *Ramey v. State*, 250 Ga. 455, 457-58 (298 SE2d 503) (1983) (Weltner, J., dissenting). Rather, it shows the ashen, partially skeletal remains of the victim's skull with maggots around the socket where her left eye used to be and around other portions of her head.

The trial court admitted the photograph along with others of her body as it understood "these are different views of the body at the scene"; however, in my opinion, its introduction is so prejudicial and so inflammatory as to constitute reversible error.

The material facts the State contends this photograph establishes not only could have been proven by other witnesses available to the State, including the person who discovered the body and the investigating officers, but were in fact established by the testimony of the pathologist who performed the autopsy. Therefore, the only purpose for the introduction of the photograph appears to have been to inflame the jury both during the trial and during its deliberation. Fundamental fairness demands more from our system of justice, therefore, I would reverse.

I am authorized to state that Justice Weltner and Justice Bell join in this dissent.

DECIDED MAY 10, 1990.

*Bailey & Bearden, J. Lane Bearden,* for appellant.
*Darrell E. Wilson, District Attorney, Mickey R. Thacker, Assistant District Attorney, Michael J. Bowers, Attorney General, Richard C. Litwin,* for appellee.