## S90A1618. THOMPSON v. THE STATE.
### (400 SE2d 312)

SMITH, Presiding Justice.

Appellant Dana Thompson was convicted and sentenced to life imprisonment, along with Aakeem Woodard, for the armed robbery and felony murder of a Majik Market employee. The facts of the case can be found in *Woodard v. State*, 260 Ga. 825 (400 SE2d 311) (1991).[1]

1. The appellant's first enumeration of error was decided adversely to his position in Division 3 of *Woodard v. State*, supra at 826.

2. The appellant failed to object to the trial court's handling of the voir dire. There are no grounds for reversal in the appellant's second and third enumerations of error.

3. The appellant failed to request instructions to the jury or a charge from the court regarding the testimony of a witness the appellant claims could have been indicted as a co-conspirator. The appellant was afforded an opportunity to fully cross-examine the witness, therefore, we find no grounds for reversal in the appellant's fourth through seventh enumerations.

4. The appellant's eighth and ninth enumerations of error were decided adversely to him in Division 4 of *Woodard v. State*, supra at 826.

5. The trial court did not err in denying the appellant's motion to dismiss the indictment for lack of jurisdiction. The appellant appeared in juvenile court for a detention hearing pursuant to OCGA § 15-11-19, and a detention order was issued. No proceedings were commenced under OCGA § 15-11-11 or § 15-11-23. The juvenile court did not acquire jurisdiction when it entered the detention order; the superior court obtained jurisdiction when the appellant was indicted. See *Brown v. State*, 260 Ga. 153, 155 (391 SE2d 108) (1990) and cits.

6. The evidence presented at trial was sufficient for a rational trier of fact to find the appellant guilty of felony murder and armed robbery. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). The appellant did not shoot the victim; however, the jury heard, in addition to other evidence, that the appellant told a friend that he waited outside the Majik Market for Mr. Woodard and that while waiting, he revved the engine of his motorcycle so that a shot would not be heard from inside. Substantially the same testimony was

---

[1] The crimes were committed on August 31, 1988. The Gwinnett County jury returned its verdict of guilty on May 15, 1989. A motion for new trial was denied on April 2, 1990. Notice of Appeal was filed on April 12, 1990. The transcript of evidence was filed on May 29, 1990. The record was docketed in this Court on September 12, 1990. The case was submitted by brief on October 26, 1990.

given by an eyewitness. A bullet casing fired from the handgun that killed the victim was found in the appellant's bedroom. We find no grounds for reversal in the appellant's 11th and 12th enumerations.

7. The trial court's instructions to the jury that it must consider the evidence against each defendant individually and that separate verdicts must be returned as to each count were not erroneous.

8. The trial court did not abuse its discretion in failing to grant the appellant's motion for a mistrial, and we find no ground for reversal in the appellant's 14th enumeration of error.

9. The appellant was initially tried for malice murder, armed robbery, and felony murder. The first jury acquitted the appellant of malice murder and could not reach a decision on the armed robbery and felony murder charges. During the second trial, the appellant was charged only with armed robbery and felony murder. The trial court correctly ruled that no double jeopardy attached. *Jackson v. State*, 257 Ga. 484 (361 SE2d 156) (1987).

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 31, 1991.

*Ronnie K. Batchelor,* for appellant.

*Thomas C. Lawler III, District Attorney, Debra K. Turner, Assistant District Attorney, Michael J. Bowers, Attorney General, C. A. Benjamin Woolf,* for appellee.