## S90A1201. WOODARD v. THE STATE.
(400 SE2d 311)

SMITH, Presiding Justice.

Aakeem T. Woodard and Dana Thompson were indicted for the

---

offenses of malice murder, armed robbery, and felony murder in connection with the shooting death of Ms. Betty Sue Bowman. The first jury acquitted the defendants of malice murder, and it was unable to reach a verdict on the armed robbery and felony murder counts. After a second trial, on the armed robbery and felony murder counts, the defendants were found guilty on both counts and sentenced to life imprisonment.[1]

Appellant Woodard, following a plan he had devised sometime earlier, rode to the scene of the crimes on the back of Mr. Thompson's motorcycle. The appellant entered the Majik Market at approximately 3 a.m., shot and killed the employee, Ms. Betty Sue Bowman, and stole 46 dollars in cash and three money orders. As Mr. Thompson waited for the appellant, he revved his engine so that a gunshot would not be noticed. The .32 calibre handgun that fired the fatal shot was found in Mr. Woodard's home and a matching .32 calibre shell casing was found in Mr. Thompson's home. Several witnesses testified that the appellant told them about his participation in the crimes.

1. Absent an abuse of discretion, the trial court's refusal to grant a defendant's motion for severance is not reversible. *Mapp v. State*, 258 Ga. 273 (368 SE2d 511) (1988). We find no abuse of discretion.

2. The appellant made no objection to the trial court's handling of the voir dire. This Court will not generally review alleged errors, in a non-capital punishment case, without an objection made below.

3. The appellant has failed to show how the state's use of its peremptory strikes to strike women with children from the jury was unconstitutional.

4. The trial court did not err in allowing Mr. Whatley to testify regarding his son's conduct after his son's credibility was attacked by the defendant's attorney during cross-examination. *Poteat v. State*, 251 Ga. 87, 89 (303 SE2d 452) (1983).

5. The trial court did not err in its rulings related to the testimony of Eric Woodard or Ms. Jenovese.

6. The evidence presented at trial was sufficient for a rational trier of fact to find the appellant guilty of felony murder and armed robbery. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). We find no grounds for reversal in the appellant's seventh, eighth, ninth, and 13th enumerations of error.

7. The appellant was only sentenced for felony murder because

---

[1] The crimes were committed on August 31, 1988. The Gwinnett County jury returned its verdict of guilty on May 15, 1989. The motion for new trial was denied on April 2, 1990. Notice of Appeal was filed on April 30, 1990. The transcript of evidence was filed on May 29, 1990. The record was docketed in this Court on June 12, 1990. The case was submitted by brief on July 27, 1990.

the underlying felony, armed robbery, merged with the felony murder conviction.

8. Absent a request, it was not error for the trial court to fail to charge the jury on accomplice testimony.

*Judgment affirmed. All the Justices concur.*

Decided January 31, 1991 —
Reconsideration denied February 22, 1991.

*Michael M. White,* for appellant.

*Thomas C. Lawler III, District Attorney, Stephen E. Franzen, Debra K. Turner, Assistant District Attorneys, Michael J. Bowers, Attorney General, C. A. Benjamin Woolf,* for appellee.