S93A0416. IN THE INTEREST OF C. R., a child.
(430 SE2d 3)

CLARKE, Chief Justice.

On February 2, 1991, officers from the Ware County Sheriff's Department detained appellee, C. R., who was then 15 years old, as a suspect in the murder of the appellee's father. In order to detain the appellee at the Regional Youth Development Center, authorization was obtained that day from a juvenile court service worker, and, additionally, a detective from the Sheriff's Department filled out a juvenile complaint form. The complaint form was filed in the juvenile court two days later, on February 4. A petition of delinquency, as contemplated by OCGA § 5-11-11, was not filed in the juvenile court.

According to the testimony of the juvenile court judge, a detention hearing in appellee's case was scheduled for the afternoon of February 4. Before that the judge contacted the Ware County District Attorney's office and learned that an arrest warrant was being issued for the appellee. Upon confirming that an arrest warrant had been issued, the juvenile court judge cancelled the detention hearing. On February 6, he dismissed the complaint filed in juvenile court on the ground that by procuring the arrest warrant, the State had placed jurisdiction in the superior court.

The appellee was indicted for murder on April 17, 1991. The appellee filed a motion to dismiss the indictment, contending that the juvenile court had previously acquired jurisdiction in the case, and praying that the case be transferred back to the juvenile court. Following a hearing, the superior court agreed that the juvenile court had first acquired jurisdiction of the case, and transferred the case back to the juvenile court. The State filed an appeal in the Court of Appeals which transferred the case to this court.

Under OCGA § 15-11-5 (b), superior courts share concurrent jurisdiction with juvenile courts over a juvenile who commits a crime punishable by life imprisonment or by death. Generally, the first court to assume jurisdiction of the case will retain it, *Couch v. State,* 253 Ga. 764 (325 SE2d 366) (1985), subject to the right of the juvenile court to transfer the case to superior court under OCGA § 15-11-39. *Relyea v. State,* 236 Ga. 299 (223 SE2d 638) (1976). Thus, in capital cases, a juvenile does not acquire special rights in the juvenile court system "until such time as the juvenile court exercises its concurrent jurisdiction." *Chapman v. State,* 259 Ga. 592, 593 (385 SE2d 661) (1989). This court has held that the entering of a detention order is insufficient to vest jurisdiction in the juvenile court. *Thompson v.*

*State*, 260 Ga. 820 (400 SE2d 312) (1991); *Lane v. Jones*, 244 Ga. 17 (1) (257 SE2d 525) (1979). Rather, this court has held that under OCGA § 15-11-11, a juvenile case "commences," and the juvenile court acquires jurisdiction of it only by the filing of a petition of delinquency. *Hartley v. Clack*, 239 Ga. 113, 114-115 (236 SE2d 63) (1977); *Longshore v. State*, 239 Ga. 437, 438-439 (238 SE2d 22) (1977). See also *Couch v. State*, supra. As stated above, no such petition was filed in the case before us.

Absent Uniform Juvenile Court Rule 4.1, this authority would be controlling. However, that Rule provides, in part,

> In all proceedings over which the juvenile court has jurisdiction, such proceedings shall be initiated in the juvenile court upon the receipt of a written *juvenile complaint form*, petition, transfer from another court, or a uniform traffic citation which shall be submitted to the court and shall be referred to an intake officer of the court. (Emphasis supplied.)

The appellee argues that this rule expands the jurisdictional rule set out in the case law because it vests jurisdiction in the juvenile court upon receipt of a written juvenile complaint form. We agree.

Uniform Juvenile Court Rule 1.1 provides in part that "[i]nsofar as these rules may add to existing statutory provisions relating to the same subject matter, they shall be construed so as to implement the purposes of the Juvenile Court Code."[1] We conclude that giving the juvenile court an additional opportunity to take jurisdiction of a case at the earliest possible moment is consistent with the rehabilitative purpose of the Juvenile Code. Therefore, we hold that the juvenile court acquired jurisdiction in this case on February 4, 1991, when the juvenile complaint form was filed in that court, and the superior court correctly transferred the case back to that court. Our opinion, however, does not affect the authority of the juvenile court to conduct a transfer hearing pursuant to OCGA § 15-11-39.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 1, 1993.

*H. Donnie Dixon, Jr., District Attorney, Richard E. Currie, Assistant District Attorney, Michael J. Bowers, Attorney General*, for appellant.

---

[1] We note that the preamble to the Uniform Superior Court Rules provides that to the extent these Rules conflict with substantive law, they shall yield. Uniform Superior Court Rule 1, Preamble. However, we conclude that the jurisdictional issue controlled by Uniform Juvenile Court Rule 4.1 is procedural rather than substantive.

*Solomon & Edgar, M. Theodore Solomon II,* for appellee.