S94A0396. THE STATE v. WHETSTONE.
(441 SE2d 842)

HUNSTEIN, Justice.

The State appeals the grant of appellee Whetstone's motion to dismiss his indictment for lack of jurisdiction. We reverse.

On or about May 12, 1993, Andrew Jarrett was shot and killed while walking to his home. On May 14, 1993, Sergeant James, a member of the Atlanta Police Homicide Squad, apprehended appellee and transported him to the Fulton County Juvenile Detention Center where the officer filed a written juvenile complaint. Later the same day, the Fulton County Grand Jury indicted appellee on charges of murder, felony murder and aggravated assault with intent to rob Jarrett.

Relying on *In re C. R.*, 263 Ga. 155 (430 SE2d 3) (1993), the Superior Court of Fulton County granted appellee's motion to dismiss his indictment, concluding that the filing of the juvenile complaint form initiated proceedings in the juvenile court so as to vest jurisdiction therein, notwithstanding the indictment of appellee subsequently that day. In *In re C. R.* a juvenile complaint form, filed at the time of detention of a 15-year-old murder suspect, was dismissed on the ground that an arrest warrant had been issued and jurisdiction had vested in the superior court under OCGA § 15-11-5 (b). No petition for delinquency had been filed. Two and one-half months later, the juvenile was indicted. On appeal, this Court upheld the dismissal of the indictment and transfer of the case back to the juvenile court, noting that it served the rehabilitative purpose of the Juvenile Code, as implemented by the Uniform Juvenile Court Rules ("UJCR"), to vest jurisdiction in the juvenile court "at the earliest possible moment." We then held that the filing of a juvenile complaint form not only *initiated proceedings* in the juvenile court, as specified in Rule 4.1, but also *vested jurisdiction* therein, subject to the authority of the juvenile court to conduct a transfer hearing pursuant to OCGA § 15-11-39.

In reviewing *In re C. R.* in light of the facts in the instant case, we find a conflict between *In re C. R.* and the substantive statutory provisions which vest concurrent jurisdiction in the superior court in juvenile cases involving youths suspected of having committed a crime punishable by loss of life or confinement for life in a penal institution. OCGA § 15-11-5 (b). We have previously held that a juvenile case commences (and jurisdiction accordingly vests in juvenile

court) only when a petition of delinquency is filed. *Brown v. State*, 260 Ga. 153 (391 SE2d 108) (1990); *Longshore v. State*, 239 Ga. 437 (238 SE2d 22) (1977); accord *Thompson v. State*, 260 Ga. 820 (400 SE2d 312) (1991). These holdings are consistent with the apparent overall scheme of the UJCR. The rules set forth in Chapter 4 of the UJCR (enumerated as 4.1 et seq.) on which *In re C. R.* relies, are indeed captioned "commencement of proceedings." However, while Rule 4.1 refers to the filing of a juvenile complaint as one method, among others, of initiating proceedings in the juvenile court, that rule (as well as Rule 4.2) also addresses the screening responsibilities of the intake officer. Subsequent Chapter 4 rules detail procedures for informal adjustment, complaint dismissal and non-judicial aftercare. These internal "intake" and "screening" procedures in Chapter 4 are in direct contrast with the rules promulgated under Chapter 5 of the UJCR, which is captioned "commencement of *formal* proceedings." (Emphasis supplied.) Rule 5.1, which sets forth the "methods" of commencing formal proceedings, is nothing more than a reference to OCGA § 15-11-11, which provides that a proceeding (in a juvenile court) may be commenced by (1) transfer from another court (OCGA § 15-11-13); (2) as provided in OCGA § 15-11-49 in cases charging juvenile traffic offenses; (3) acceptance of jurisdiction (in cases involving out-of-state proceedings, OCGA §§ 15-11-45 and 15-11-47); (4) "*[i]n other cases of alleged delinquency . . . by the filing of a petition as provided in this article*" (emphasis supplied); and (5) in other cases, as provided by law. OCGA § 15-11-11, i.e., Rule 5.1, was the basis for our holdings in *Brown* and *Longshore*, supra. *In re C. R.*, by its equation of the informal Rule 4.1 procedures with the Chapter 5 rules which implement substantive jurisdictional statutory provisions, conflicts with our earlier opinions and creates internal inconsistencies between Chapters 4 and 5 of the UJCR.

Accordingly, while we reaffirm *In re C. R.* in that we will continue to construe the UJCR to implement and to add to existing statutory provisions of the Juvenile Code, we will no longer follow *In re C. R.* as to the jurisdictional effect of a written juvenile complaint form. Now and henceforth, the filing of a juvenile complaint form does not expand the statutory jurisdictional provisions of the Juvenile Code. Although the filing of a juvenile complaint form alone may commence informal proceedings, it will not operate to vest exclusive jurisdiction in the juvenile court where, under OCGA § 15-11-5 (b) and our previous decisions, the juvenile court would have concurrent jurisdiction with the superior court.[1]

---

[1] Our opinion herein is further buttressed by our review of the statutory mandates which direct law enforcement officers to take suspect juveniles "with all reasonable speed and without first taking the child elsewhere" to an appropriate facility (OCGA § 15-11-19) and only

*Judgment reversed. All the Justices concur.*

Decided April 25, 1994.

*Lewis R. Slaton, District Attorney, Doris L. Williams-McNeeley, Rebecca A. Keel, Assistant District Attorneys,* for appellant.
*Carla J. Friend,* for appellee.

---

those facilities authorized by OCGA § 15-11-20 (a). Subsection (b) of OCGA § 15-11-20 specifically requires detention of juveniles over whom concurrent jurisdiction may be exercised in a subsection (a) facility unless otherwise ordered by the juvenile court. Pending a hearing on the issue of appropriate incarceration, we assume that the Juvenile Code contemplates temporary detention in a juvenile facility, but we do not believe that such temporary detention therein vests jurisdiction in the juvenile court.