S95A0659. IN THE INTEREST OF B. W. S., a child.
(458 SE2d 847)

FLETCHER, Presiding Justice.

A complaint against B. W. S. was filed in juvenile court, alleging that B. W. S. committed the offenses of murder, possession of a firearm during the commission of a crime and possession of a firearm by an underage person. The juvenile court ordered the case transferred to superior court. B. W. S. contends the juvenile court lacked jurisdiction to transfer the case because the original hearing on the delinquency petition was set several days before the filing of the petition. We affirm because the juvenile court obtained jurisdiction with the filing of the complaint.

1. On December 10, 1993 a complaint was filed against B. W. S. in juvenile court alleging he committed murder.[1] The juvenile court held a detention hearing on that day, notified B. W. S. of a possible bind-over to superior court, and scheduled the adjudicatory hearing for December 15, 1993. On December 13, 1993 the delinquency petition was filed. The parties agreed to continue the December 15 hearing and the court issued an order setting the hearing for January 14, 1994. After the juvenile court ordered B. W. S. transferred to superior court, B. W. S. moved to dismiss, contending that the juvenile court lacked jurisdiction to order the transfer because the court set the date for the transfer hearing before the delinquency petition was filed.[2]

In *In the Interest of C. R.,*[3] this Court held that a juvenile court acquires jurisdiction with the filing of a complaint against the juvenile. Thus, jurisdiction vested in the juvenile court on December 10, 1993, when the complaint was filed and the juvenile court did not err

---

[1] The crime occurred on December 6, 1993. The juvenile court ordered the case transferred to superior court on January 14, 1994 and the order was filed on February 4, 1994. B. W. S. filed his notice of appeal to the Court of Appeals on March 3, 1994. The case was docketed in the Court of Appeals on May 26, 1994 and transferred to this Court on January 9, 1995. This Court heard oral argument on April 11, 1995.

[2] See *J. T. G. v. State of Ga.,* 141 Ga. App. 184 (233 SE2d 40) (1977).

[3] 263 Ga. 155, 156 (430 SE2d 3) (1993).

in denying B. W. S.'s motion to dismiss for lack of jurisdiction. Additionally, we find no abuse in the judge's discretion in continuing the hearing until January 14, 1994. In this case, the court continued the hearing from December 15 without objection because reports were incomplete.

2. We find no merit in B. W. S.'s remaining enumerations.[4]

*Judgment affirmed. Benham, C. J., Sears, Hunstein, Carley and Thompson, JJ., concur.*

DECIDED JULY 14, 1995.

*Suparna Malempati*, for appellant.

*Lewis R. Slaton*, District Attorney, *Carole E. Wall, Leonora Grant*, Assistant District Attorneys, for appellee.

---

[4] B. W. S. contends the juvenile court should have suppressed his statement because he did not give it voluntarily; that the juvenile court erred in failing to grant an additional continuance on January 10, 1994; and that the transfer hearing lacked due process.