## S95A1329. FLOWERS v. THE STATE.
(461 SE2d 533)

CARLEY, Justice.

After a jury trial, appellant was found guilty of two offenses: felony murder while in the commission of a kidnapping with bodily injury; and armed robbery. He appeals from the judgments of conviction and the consecutive sentences of life imprisonment that were entered on the jury's guilty verdicts.[1]

1. The State produced evidence showing that appellant and several others used guns to force the victim from a phone booth into his car. They then drove the victim to another location, shot him, took his ring and car, and sold his car for $500 and cocaine. Moreover, appellant admitted some involvement in the crimes. The victim died

---

[1] The crimes occurred on September 9, 1993. Appellant was indicted on September 13, 1993. The verdicts were returned on November 17, 1994 and the sentences were imposed on December 9, 1994. Appellant's motion for new trial was filed on January 6, 1995, amended on March 29, 1995 and denied on March 30, 1995. His notice of appeal was filed on April 19, 1995. The case was docketed in this Court on May 15, 1995 and was submitted for decision on July 10, 1995.

two days after the shooting. Based upon this evidence, the jury was authorized to find appellant guilty of felony murder and armed robbery beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Arline v. State*, 264 Ga. 843 (1) (452 SE2d 115) (1995); *Bedford v. State*, 263 Ga. 121, 122 (3) (429 SE2d 87) (1993).

2. Appellant unsuccessfully sought to exclude his statements from evidence on the ground that they were not made voluntarily. Although appellant did offer expert testimony that his mental age was eight years, a "mere showing that one who confessed to a crime may have suffered from some mental disability is not a sufficient basis upon which to exclude the statement. [Cits.]" *Corn v. State*, 240 Ga. 130, 136 (3) (240 SE2d 694) (1977). See also *Willis v. State*, 263 Ga. 597, 599 (2) (436 SE2d 204) (1993); *Marshall v. State*, 248 Ga. 227, 229 (282 SE2d 301) (1981); *Goodwin v. State*, 236 Ga. 339, 342 (1) (223 SE2d 703) (1976) (mental age of nine years); *Farley v. State*, 145 Ga. App. 98, 99 (1) (243 SE2d 322) (1978) (mental age of less than five years). When all of the evidence regarding the voluntariness of appellant's statements is considered, the trial court's finding that those statements were admissible is not clearly erroneous. See generally *Marshall v. State*, supra at 228 (3).

3. Because appellant was originally detained as a juvenile, he urges that it was error to indict and try him as an adult without first conducting a transfer hearing. Appellant's reliance upon *In the Interest of C. R.*, 263 Ga. 155 (430 SE2d 3) (1993) as authority for this contention is misplaced. *In the Interest of C. R.* held only that jurisdiction vests in the juvenile court upon receipt of a juvenile complaint form. Here, no juvenile complaint form was filed prior to appellant's indictment and *In the Interest of C. R.* is, therefore, inapplicable. Moreover, we no longer follow *In the Interest of C. R.* "as to the jurisdictional effect of a written juvenile complaint form." *State v. Whetstone*, 264 Ga. 135, 136 (441 SE2d 842) (1994). As was recognized by *Whetstone*, supra at 136, "the filing of a juvenile complaint form alone may commence informal proceedings. . . ." See *In the Interest of B. W. S.*, 265 Ga. 567 (1) (458 SE2d 847) (1995). However, exclusive jurisdiction vests in the juvenile court only when a petition of delinquency is filed. *State v. Whetstone*, supra. Here, no petition of delinquency was filed prior to appellant's indictment. It was, therefore, not error to indict and try appellant as an adult without first conducting a transfer hearing.

4. Because one of the participants in the crimes was afforded treatment as a juvenile, it is urged that appellant's treatment as an adult constitutes unconstitutional selective prosecution. However, the one participant who was treated as a juvenile was shown to be the least culpable. Accordingly, the trial court did not err in denying ap-

pellant's motion to dismiss on the ground of selective prosecution. See *Sabel v. State*, 250 Ga. 640, 643 (4) (300 SE2d 663) (1983); *Gayton v. State*, 184 Ga. App. 387, 388 (361 SE2d 691) (1987); *George v. State*, 175 Ga. App. 229, 230 (2) (333 SE2d 141) (1985).

5. Over appellant's objection, the trial court admitted evidence that two other participants in the crimes were in possession of cocaine at the time of their arrests. This evidence was admissible to corroborate appellant's statement that the victim's automobile had been sold for $500 and cocaine and to show the motive for the crimes. See *James v. State*, 223 Ga. 677, 685 (7) (157 SE2d 471) (1967); *Sabree v. State*, 195 Ga. App. 135, 137 (2) (392 SE2d 886) (1990); *Carruth v. State*, 182 Ga. App. 786, 787 (2) (357 SE2d 122) (1987).

*Judgments affirmed. All the Justices concur.*

DECIDED SEPTEMBER 25, 1995.

*Elliott A. Shoenthal*, for appellant.

*J. Tom Morgan, District Attorney, Barbara B. Conroy, Michael McDaniel, Assistant District Attorneys, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Richard J. Warren, Assistant Attorney General*, for appellee.