A97A0986. IN THE INTEREST OF J. H., a child.
(491 SE2d 209)

SMITH, Judge.

In September 1996 a petition was filed in the Juvenile Court of Fulton County alleging that J. H. had committed a drug offense and had violated probation. Following a hearing during which witnesses testified, the juvenile court dismissed the charges against J. H., concluding that J. H. did not voluntarily consent to the search which resulted in his arrest and that the seizure of the juvenile's property was illegal. This appeal by the State ensued. J. H. then filed a motion to dismiss the appeal on the ground that this Court does not have jurisdiction to consider the State's appeal. We agree and dismiss the appeal.

OCGA § 5-7-1.1 specifically delineates the circumstances under which the State may appeal a decision in a delinquency case: "An appeal may be taken by and on behalf of the State of Georgia from the juvenile courts and such other courts from which a direct appeal is authorized to the Court of Appeals . . . in delinquency cases in the following instances: (1) From an order, decision, or judgment sustaining a plea or motion in bar, when the defendant has not been put in jeopardy; or (2) From an order, decision, or judgment sustaining a motion to suppress evidence illegally seized in the case of motions made and ruled upon prior to the first witness being sworn."

The ruling appealed in this case, the dismissal of a petition in

juvenile court, falls into neither category specified by OCGA § 5-7-1.1, and an appeal is therefore not authorized under this section. Had the legislature wished to allow for an appeal of the dismissal of a juvenile court petition during trial, it could have done so, much as it has provided for the appeal in a criminal case of "an order, decision, or judgment setting aside or dismissing any indictment or accusation." OCGA § 5-7-1 (a) (1). Although the State indicated in its notice of appeal that it relied upon OCGA § 5-7-1 in addition to OCGA § 5-7-1.1, OCGA § 5-7-1 does not authorize an appeal here. See *In the Interest of D. Q. H.*, 212 Ga. App. 271 (441 SE2d 411) (1994). In addition, the notice of appeal reflects the State's reliance on OCGA § 15-11-64 as the basis for appeal. That statute, however, does not list the types of juvenile court rulings from which the State may appeal.

In short, because the legislature has not specifically provided for appeal of the dismissal of a juvenile court petition under the circumstances present in this case, we are without jurisdiction to entertain the State's appeal. As stated in *State v. Hollomon*, 132 Ga. App. 304 (208 SE2d 167) (1974), "[t]he right of appeal is not absolute, but is one based upon the conditions imposed by the General Assembly for bringing cases to the appellate courts. . . . The General Assembly having placed the specific conditions upon appeals by the state in criminal [and juvenile] cases . . . we will not by judicial construction extend the right of appeal beyond these instances." (Citation and punctuation omitted.) Id. at 306. We therefore dismiss the State's appeal.

*Appeal dismissed. McMurray, P. J., and Beasley, J., concur.*

DECIDED AUGUST 14, 1997.

*Paul L. Howard, Jr., District Attorney, Peter H. Boehm, Carl P. Greenberg, Assistant District Attorneys,* for appellant.
*John L. Williams, Steven E. Phillips,* for appellee.