A08A1093. IN THE INTEREST OF N. C., a child.
(667 SE2d 181)

ELLINGTON, Judge.

The Juvenile Court of Chatham County dismissed a delinquency petition which alleged that 14-year-old N. C. committed an act which, if committed by an adult, would have constituted the offense of aggravated sodomy, OCGA § 16-6-2 (a) (2).[1] N. C. appeals, contending that the juvenile court violated his right to due process when it dismissed the delinquency petition without a hearing pursuant to OCGA § 15-11-30.2. As discussed below, however, OCGA § 15-11-30.2 (f) expressly states that a hearing under that Code section is not required in delinquency proceedings which are based upon allegations of aggravated sodomy. Accordingly, there was no error, and we affirm.

Under OCGA § 15-11-28 (b) (2) (A) (iv), the superior court has exclusive jurisdiction over the trial of any child 13 to 17 years of age

---

[1] The State intends to prosecute N. C. for aggravated sodomy in the Superior Court of Chatham County.

who is alleged to have committed aggravated sodomy.[2] Before indictment, however,

> the district attorney may, after investigation and for extraordinary cause, decline prosecution in the superior court of a child 13 to 17 years of age alleged to have committed an offense specified in subparagraph (A) of this paragraph. Upon declining such prosecution in the superior court, the district attorney shall immediately cause a petition to be filed in the appropriate juvenile court for adjudication.

OCGA § 15-11-28 (b) (2) (C). See OCGA § 15-11-35 (4) (the State or another party may commence a delinquency proceeding in juvenile court by, inter alia, filing a delinquency petition that complies with the Code).[3]

The record shows the following undisputed facts.[4] On December 7, 2007, the State filed a delinquency petition in the juvenile court alleging that N. C. had committed aggravated sodomy with force and against the will of the victim. The juvenile court conducted an arraignment hearing three days later, and scheduled an adjudicatory hearing for December 19. On December 11, the State filed a "Motion to Decline Criminal Prosecution in the Superior Court and Assert Jurisdiction in the Juvenile Court," pursuant to OCGA § 15-11-28 (b) (2) (C).[5] A week later, the State filed a second "motion," which stated that, after further consideration of the case, the State had concluded that it would be in the best interests of the State and the parties for the superior court to have jurisdiction over the matter. The juvenile court granted the second "motion" and dismissed the delinquency petition after concluding that it did not have subject matter jurisdiction over the case.

---

[2] Under OCGA § 16-6-2 (a) (2), a "person commits the offense of aggravated sodomy when he or she commits sodomy with force and against the will of the other person or when he or she commits sodomy with a person who is less than ten years of age."

[3] See also OCGA §§ 15-11-37 ("A petition alleging delinquency . . . of a child shall not be filed unless the court or a person authorized by the court has determined and endorsed upon the petition that the filing of the petition is in the best interest of the public and the child."); 15-11-38 (parties who may file petition); 15-11-38.1 (required contents of petition); 15-11-39 (notice and hearing requirements); *In the Interest of B. W. S.*, 265 Ga. 567 (1) (458 SE2d 847) (1995) ("a juvenile court acquires jurisdiction with the filing of a complaint against the juvenile") (citation and footnote omitted); but cf. *State v. Whetstone*, 264 Ga. 135, 136 (441 SE2d 842) (1994) ("Although the filing of a juvenile complaint form alone may commence informal proceedings, it will not operate to vest exclusive jurisdiction in the juvenile court where, under [applicable law], the juvenile court would have concurrent jurisdiction with the superior court.") (footnote omitted).

[4] "We review de novo the [lower] court's application of the law to the undisputed facts." (Footnote omitted.) *State v. Fuller*, 267 Ga. App. 40, 41 (599 SE2d 3) (2004).

[5] The juvenile court did not issue an order on the "motion."

On appeal, N. C. argues that the juvenile court obtained exclusive jurisdiction over the case when the State filed a delinquency petition and formally notified the juvenile court that it declined to prosecute N. C. in the superior court and intended to assert jurisdiction in the juvenile court. He contends that the juvenile court deprived him of his right to due process by obtaining jurisdiction over the case and then summarily dismissing the petition, which, as a consequence, has allowed the State to pursue an indictment in the superior court. Specifically, N. C. argues that, once jurisdiction has vested in the juvenile court, the juvenile court cannot divest itself of its jurisdiction without first conducting a transfer hearing pursuant to OCGA § 15-11-30.2,[6] and that the juvenile court's failure to conduct such a hearing constituted error.

Pretermitting whether the State's actions in this case caused jurisdiction to vest in the juvenile court, however, N. C.'s assertion that the juvenile court was required to either retain jurisdiction over the case or conduct a transfer hearing pursuant to OCGA § 15-11-30.2 lacks merit. OCGA § 15-11-30.2 (f) specifically provides that the transfer provisions of that Code section "shall not apply to any proceeding within the exclusive jurisdiction of the superior court"

---

[6] OCGA § 15-11-30.2 states in relevant part as follows:

(a) After a petition has been filed alleging delinquency based on conduct which is designated a crime or public offense under the laws, including local ordinances, the court before hearing the petition on its merits may transfer the offense for prosecution to the appropriate court having jurisdiction of the offense if:

(1) A hearing on whether the transfer should be made is held in conformity with Code Sections 15-11-6, 15-11-7, and 15-11-41;

(2) Notice in writing of the time, place, and purpose of the hearing is given to the child and his or her parents, guardian, or other custodian at least three days before the hearing;

(3) The court in its discretion determines there are reasonable grounds to believe that:

(A) The child committed the delinquent act alleged;

(B) The child is not committable to an institution for the mentally retarded or mentally ill; and

(C) The interests of the child and the community require that the child be placed under legal restraint and the transfer be made; and

(4) The child:

(A) Was at least 15 years of age at the time of the alleged delinquent conduct; or

(B) Was 13 or 14 years of age and either committed an act for which the punishment is loss of life or confinement for life in a penal institution or committed aggravated battery resulting in serious bodily injury to a victim. . . .

(c) The transfer terminates the jurisdiction of the juvenile court over the child with respect to an adjudication of delinquency as to the delinquent acts alleged in the petition.

(d) No child, either before or after reaching 17 years of age, shall be prosecuted for an offense previously committed unless the case has been transferred as provided in this Code section.

pursuant to OCGA § 15-11-28 (b) (2) (A), which includes aggravated sodomy.

Therefore, regardless whether the juvenile court correctly determined that it lacked jurisdiction over the case, it did not err when it dismissed the delinquency petition. See *Owens v. State*, 236 Ga. App. 534, 536 (512 SE2d 394) (1999) (this Court will affirm a lower court's ruling if the ruling is right for any reason).

*Judgment affirmed. Blackburn, P. J., and Miller, J., concur.*

DECIDED AUGUST 22, 2008.

*Yolanda Bacharach*, for appellant.
*Spencer Lawton, Jr., District Attorney, Allison E. Bailey, Assistant District Attorney*, for appellee.