690 S.E.2d 522 (2010)
In the Interest of D.L., a child.
No. A10A0187.
Court of Appeals of Georgia.
February 3, 2010.
*523 Paul L. Howard Jr., Dist. Atty., Lenny I. Krick, Asst. Dist. Atty., Wayne E. Grannis, for appellant.
April L. Williams, for appellee.
JOHNSON, Presiding Judge.
On January 5, 2009, D.L. appeared before the Juvenile Court of Fulton County for a detention and probable cause hearing following his arrest for armed robbery with a firearm when he was 16 years old. D.L.'s counsel moved to dismiss the case because the arresting officer was not present and the police report did not link D.L. to the crime. The state argued that probable cause existed, moved that D.L.'s motion to dismiss be denied, and requested the juvenile court to issue a petition charging D.L. with armed robbery with a firearm. The state's request was granted on January 6, 2009.
On February 6, 2009, 30 days after the petition had been filed in juvenile court, the state decided to try D.L. in superior court and filed a motion to dismiss for lack of jurisdiction in the juvenile court. The juvenile court conducted a hearing on the state's motion and issued a written order denying the motion. The juvenile court specifically found that it had acquired jurisdiction through the filing of the petition and that the state had failed to properly request a transfer of the case. The state appeals from that order pursuant to OCGA § 5-7-1(a)(5), arguing the juvenile court did not have jurisdiction and entered a void order. We find that the juvenile court erred in denying the state's motion to dismiss on the ground that the state had failed to file a motion to transfer. However, despite the juvenile court's erroneous order, we are constrained to dismiss the state's appeal because the state is not authorized to appeal the juvenile court's order.
1. Under OCGA § 15-11-28(b)(2)(A)(vii), the superior court has exclusive jurisdiction over the trial of any child 13 to 17 years of age who is alleged to have committed armed robbery with a firearm. Before indictment, however,
the district attorney may, after investigation and for extraordinary cause, decline prosecution in the superior court of a child 13 to 17 years of age alleged to have committed [armed robbery with a firearm]. Upon declining such prosecution in the superior court, the district attorney shall immediately cause a petition to be filed in the appropriate juvenile court for adjudication.[1]
The state may commence a delinquency proceeding in juvenile court by causing a petition to be filed.[2] Once such a petition is filed in a case charging armed robbery with a firearm, a juvenile court acquires concurrent jurisdiction over the juvenile.[3] However, contrary to the juvenile court's finding, the fact that the juvenile court obtained concurrent jurisdiction in this case does not mandate that the state file a motion to transfer and follow the transfer provisions of OCGA § 15-11-30.2(a) and (b) before the juvenile court is required to transfer this case to the superior court.
Subsection (f) of the Code section addressing transfers specifically provides that "[t]his Code section shall not apply to any proceeding within the exclusive jurisdiction of the superior court pursuant to subparagraph (b)(2)(A) of Code Section 15-11-28,"[4] which includes armed robbery with a firearm. And the fact that a petition was filed in juvenile court and gave the juvenile court concurrent jurisdiction over the case does not alter the *524 fact that the state legislature mandated that cases involving armed robbery with a firearm are not subject to the transfer provisions delineated in OCGA § 15-11-30.2.[5]
The trial court's reliance on Hartley v. Clack[6] is misplaced. Hartley was decided in 1977, and the state legislature did not add subsection (f) to what would later become the current transfer statute until 1994.[7] The juvenile court erred in denying the state's motion to dismiss in this case.
2. Despite the juvenile court's error, however, D.L. correctly asserts that the state is not authorized to appeal this case pursuant to OCGA § 5-7-1(a)(5) because the juvenile court had jurisdiction to issue the order. OCGA § 5-7-1(a)(5) permits the state to appeal "[f]rom an order, decision, or judgment of a court where the court does not have jurisdiction or the order is otherwise void under the Constitution or laws of this state." "A judgment is not void so long as it was entered by a court of competent jurisdiction."[8]
As we found in Division 1, the juvenile court obtained concurrent jurisdiction in this case when the state caused a petition to be filed in juvenile court. Therefore, although the juvenile court entered an erroneous order, the state is not authorized to appeal that erroneous decision pursuant to OCGA § 5-7-1(a)(5) because the order was entered by a court having competent jurisdiction and is not void.[9]
[T]he right of appeal is not absolute, but is one based upon the conditions imposed by the General Assembly for bringing cases to the appellate courts. The General Assembly having placed the specific conditions upon appeals by the state in criminal and juvenile cases[,] we will not by judicial construction extend the right of appeal beyond these instances.[10]
The state's appeal is hereby dismissed.
Appeal dismissed.
MILLER, C.J., and PHIPPS, J., concur.
NOTES
[1] OCGA § 15-11-28(b)(2)(C).
[2] OCGA § 15-11-35(4).
[3] See State v. Whetstone, 264 Ga. 135, 136, 441 S.E.2d 842 (1994).
[4] OCGA § 15-11-30.2(f).
[5] See In the Interest of N.C., 293 Ga.App. 374, 376-377, 667 S.E.2d 181 (2008).
[6] 239 Ga. 113, 236 S.E.2d 63 (1977).
[7] See OCGA § 15-11-39 (1994).
[8] (Citation and punctuation omitted.) State v. Glover, 281 Ga. 633, 641 S.E.2d 543 (2007).
[9] Id.
[10] (Citation and punctuation omitted.) In the Interest of J.H., 228 Ga.App. 154, 155, 491 S.E.2d 209 (1997).