S12A0280. MANZANO v. THE STATE.
(725 SE2d 326)

MELTON, Justice.

Following a jury trial, Jesus Manzano was found guilty of felony murder and acquitted of malice murder in connection with the shooting death of Claudia Rodriguez.[1] On appeal, Manzano contends

___

[1] On January 9, 2004, Manzano was indicted for malice murder and felony murder (aggravated assault). Following a February 22-25, 2005 jury trial, Manzano was found guilty of felony murder and was sentenced to life in prison. That conviction and sentence were reversed by this Court on appeal on September 24, 2007, due to error by the trial court in refusing to give Manzano's requested jury charge on involuntary manslaughter. *Manzano v. State*, 282 Ga. 557 (2) (651 SE2d 661) (2007). Manzano was tried again before a jury on September 14-18, 2009, and was again found guilty of felony murder and sentenced to life in prison. Manzano filed a motion for a new trial on September 25, 2009, which was denied on January 14, 2011.

only that the evidence presented at trial was insufficient to support the jury's verdict.[2] We affirm.

Viewed in the light most favorable to the jury's verdict, the record reveals that, on November 5, 2003, medical personnel discovered Rodriguez, Manzano's wife, dead due to a gunshot wound to the head. At approximately the same time as the body was discovered, Manzano arrived at his cousin's house, saying, "take me to Cobb County" and "I just killed Claudia." Medical examiners determined that the victim was asleep on her side and that the gun had been pressed against her head at the time of the shooting. Manzano testified that Rodriguez was awake when he placed the gun to her head, and that they were simply playing a game at the time.

The evidence presented at trial further revealed that, shortly before the shooting, Manzano became especially enraged with Rodriguez over her attendance at the funeral of a former co-worker's father, because the former co-worker had expressed romantic interest in her. Additionally, Manzano had previously told his supervisor that he had a gun to kill his wife.

The evidence was sufficient to enable a rational trier of fact to find Manzano guilty of felony murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); see also *Manzano*, supra, 282 Ga. at 557-558 (1).

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 24, 2012.

*Michael J. Ivan*, for appellant.

*Patrick H. Head, District Attorney, John R. Edwards, Jesse D. Evans, Assistant District Attorneys, Samuel S. Olens, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Jason C. Fisher, Assistant Attorney General*, for appellee.

---

Manzano initially filed his appeal in the Court of Appeals of Georgia on February 11, 2011, and the case was transferred to this Court on October 13, 2011. The case was docketed in this Court for the January 2012 term, and orally argued on February 6, 2012.

[2] We note that, to the extent that Manzano argues that the jury in his second trial was prohibited from finding him guilty of felony murder because the jury in his first trial acquitted him of malice murder, such an argument is without merit. Manzano's prior acquittal for malice murder has no bearing on his subsequent retrial for felony murder. See, e.g., *Thompson v. State*, 260 Ga. 820 (9) (400 SE2d 312) (1991). Indeed, a jury is clearly authorized to find a defendant guilty of felony murder even where it finds that a defendant did not possess the requisite "malice" to sustain a malice murder conviction. *Holliman v. State*, 257 Ga. 209, 210 (1) (356 SE2d 886) (1987) ("The primary difference between the offenses of malice murder and felony murder is that felony murder does not require malice or the intent to kill") (citation omitted).